CHARLOTTE VAN BUREN, RESPONDENT, *v.* THE FISHKILL AND MATTEAWAN WATER–WORKS COMPANY, APPELLANT.

*Measure of damages to a lessee for the diversion of a stream, is the diminished rental value of the premises arising therefrom.*

An action was brought by the plaintiff, who was the lessee of a brick-yard situate in Fishkill, by which ran a stream of water which the plaintiff needed to moisten the clay, and for various other purposes connected with brick manufacturing, against the defendant, a corporation organized for the purpose of conducting pure and wholesome water to Matteawan, to recover damages occasioned to her

by a dam built across the stream by the defendant. The defendant had con- demned the stream in a proceeding to which the lessor and owner of the premises, but not the plaintiff, was made a party. The evidence tended to show that about 1,000,000 less brick were manufactured than could have been manufac- tured if the water supply had not been diverted by the defendant.

The court instructed the jury that the true measure of damages was the brick the plaintiff could not make by reason of stoppage on account of diminu- tion of water; that the value was to be taken at the machine where the water was to be used; the value of the brick she was prevented from making.

*Held*, that the court erred in so charging, as the rule gave the value of the brick and did not deduct the value of the clay.

That, as it was manifest that the plaintiff's injury was in the failure to receive the profits upon 1,000,000 of brick more than she made, it would not be a just rule which gave her the value of these 1,000,000 of brick while the clay remained in the bank and the brick was never made at all.

The proper rule is the diminished rental value of the premises for the purpose of the business, during the period of diversion.

APPEAL from a judgment entered in the office of the clerk of Dutchess county, on June 16, 1888, after a trial at the Dutchess County Circuit, and from an order denying a motion for a new trial made on the minutes of the justice presiding at the trial.

*H. H. Hustis* and *C. B. Herrick*, for the appellant.

*Samuel K. Phillips* and *M. A. Fowler*, for the respondent.

BARNARD, P. J.:

The plaintiff was the lessee of one Gurnee, of brick-yard premises situate in Fishkill, Dutchess county. During the continuance of the lease the defendant, a corporation for conducting pure and wholesome water to Matteawan and vicinity, condemned a stream of water which, in part, ran by the premises so held under lease by the plaintiff, and built a dam across it. The plaintiff was manufactur- ing brick and needed the water to moisten the clay, and for various other purposes connected with brick manufacturing. The conse- quence was that the plaintiff had to stop her works some twenty-five days for want of water. In the condemnation proceedings the plaintiff was not made a party, but the lessor alone was compensated by the award of the commissioners. The evidence tended to show that about 1,000,000 less brick were manufactured than could have been manufactured if the water supply had not been diverted

by the defendant. Proof was offered to show that the plaintiff could have used the water from the Hudson river, which bounds the yard on the west with equal facility, and with as good results as this water from the stream. This evidence was rejected. The court instructed the jury that the true measure of damages was "the brick she could not make by reason of stoppage on account of diminution of water; and that value is to be taken at the machine where the water was to be used; the value of the brick she was prevented from making." Two questions are thus presented: Must the plaintiff adapt the business to the changed condition of things by reason of the condemnation? if she can thereby lessen the damage, and was the rule of damages right? Both questions are answered, if the rule of damages was wrong. The evidence does not, as I read it, show any loss of material. The clay was dug out of the bank, and lay thus as clay because of a want of water to moisten it. When water comes the clay is pressed into brick, and the value of the brick in the green state included the clay. The rule gives the value of the brick, and did not deduct the value of the clay. It is manifest that the plaintiff's injury was in the failure to receive the profits upon 1,000,000 of brick more than she made; but it would not be a just rule which gives her the value of this 1,000,000 brick while the clay remained in the bank, and the brick was never made at all. The proper rule, as stated by the Court of Appeals in a case of this kind, is: "The diminished rental value of * * * the premises for the purpose of that business during the period of diversion." (*Ann Colrick* v. *Swinburne*, 105 N. Y., 503; *Cassidy* v. *Le Fevre*, 45 id., 562; *Francis* v. *Schoellkopf*, 53 id., 152.) This rule as to the measure of damages would require the introduction of the evidence offered as to the Hudson river water. If the diminution of rent is the rule, the premises as they are after the diversion of the stream is the subject of the rent; and that includes the Hudson river water, if as good and as easy to obtain as the diverted stream.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.