JENNIE HOCHSTRASSER, APPELLANT, *v.* GEORGE B. MARTIN AND ALVIN C. EATON, RESPONDENTS.

*Nuisance — decision of board of health — opinion of witness — proof of rental value — permitting a nuisance to exist is a repetition of it.*

In an action brought to restrain the defendants from maintaining a nuisance, and for damages, the plaintiff offered to prove that the health officer of a village, upon being applied to, refused to interfere, and stated that the public had nothing to do with it as it was a matter of private damage. The evidence was excluded.

*Held,* that the decision of a board of health, upon an *ex parte* examination, could not bind the defendants and was incompetent.

A witness testified that he was a botanic physician; that he had no license to practice, but that his medicine was patented and that he had a right to sell it anywhere.

*Held,* that he was not competent to give an opinion upon the question whether the smell arising from the defendants' premises would have a tendency to produce such a sickness as the one from which, it was alleged, the plaintiff's son had suffered.

That where the question of rental value is at issue a witness cannot testify as to what the premises would be worth to him, hence he cannot state that because of the filthy condition of the plaintiff's hen-yard he would not live on the premises if they were given to him.

The court submitted to the jury the following question: " Did defendants, by any improper or unreasonable use of their barn lot, cause foul or refuse water drainage to flow on plaintiff's land so as to depreciate its value? " The plaintiff requested the court to insert the words " or permit " after the word " cause " in this question, which the court refused to do.

*Held,* that it was error for the court to refuse to allow the plaintiff to insert the word " permit," thereby withdrawing from the jury the consideration of the view of the case presented thereby.

That permitting a nuisance to exist, which was created by the person sued for so doing, is a repetition of the nuisance, and is actionable.

APPEAL by the plaintiff, Jennie Hochstrasser, from an order denying a motion for a new trial herein, and from a judgment of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 15th day of November, 1890, dismissing the complaint, with costs, after a trial at the Saratoga Circuit before the court and a jury.

The plaintiff prosecuted this action for an alleged nuisance consisting in the act of the defendants in maintaining and using a barn on the lands of the defendant Martin, occupied by the defendant

Eaton, from which the defendants caused or permitted water used by the defendants in washing wagons on the premises to leak through manure heaps, suffered to accumulate thereon, near to and above the premises of the plaintiff, causing offensive and unwholesome odors upon his premises and in his dwelling. The complaint asked that the defendants be enjoined and restrained from continuing such nuisance, and also demanded judgment for damages.

The answer was, in substance, a denial, but admitted the ownership and occupancy by the defendants of the premises as set forth in the complaint, and alleged that the barn therein referred to had been upon such premises for over fifty years.

On the trial, the justice formulated two interrogatories which he submitted to the jury, both of which the jury answered in the negative, as follows: First. Were defendants guilty of any improper or unreasonable use of the premises through which plaintiff was injured? Second. Did defendants, by any improper or unreasonable use of their barn lot, cause foul or refuse water drainage to flow on plaintiff's land so as to depreciate its value. On which findings the defendants moved for judgment, and the court, adopting the findings of the jury, gave judgment for the defendants. The plaintiff moved for a new trial upon the minutes, which was denied, and appealed from the judgment and order denying a motion for a new trial to this court.

*E. F. Bullard*, for the appellant.

*John Foley*, for the respondents.

MAYHAM, J.:

The appellant insists that the judgment should be reversed on the ground of the rejection of evidence offered by the plaintiff on the trial.

The plaintiff's husband, while being examined, testified that he made complaint to the board of health. He was then asked this question: "What did the board decide in regard to it?" This question was objected to by the defendants, and before any ruling was made by the court, the plaintiff made the following offer: Plaintiff offered to prove that the health officer refused to interfere, and stated that the public had nothing to do with it as it was a

matter of private damage. The court sustained the objection, and excluded the evidence, to which plaintiff duly excepted.

We see no error in this ruling by the court. The decision and determination of the board of health upon an *ex parte* examination, not in the presence of the defendants, could not bind them or affect their interest, and was not competent evidence against them.

It could neither confer a right of action upon the plaintiff, nor deprive the defendants of any ground of defense, and when objected to by the defendants was properly excluded.

Nor do we see that it was error for the court to exclude the opinion of this witness as to the cause of the illness of his son. It was objected to on the ground that that inquiry was not within the questions raised by the pleadings and not proper on the question of damages, and also that the witness was not competent to give the opinion asked for.

We think the objections well taken on the latter ground. There was an allegation of special damages for sickness of the plaintiff's son, under which proof, if competent in other respects, might have been admissible. But there is no proof in this case that the witness was qualified to give the opinion called for by the question. The only evidence of the qualification of the witness to give the opinion asked for, was his statement that he was a botanic physician, that he had no license to practice, but had his medicine patented and had a right to sell it anywhere.

That evidence does not show or tend to show that the witness had any special knowledge in reference to the causes of disease. After proving, as above indicated, all of the knowledge or sources of knowledge of the witness bearing upon his skill as an expert, the plaintiff asked this question : " In your judgment, would such a smell in your yard, as it was at the time your son was taken sick, have a tendency to produce such a sickness ? " This question was objected to by the defendants on the ground, among others, that witness was not competent, and that objection was sustained, as we think, correctly, for the reasons above stated.

The plaintiff also objected to evidence tending to prove the condition of the plaintiff's premises. The witness Waterbury was permitted to answer, under the plaintiff's objection, that on account of the filthy condition of the plaintiff's hen-yard on plaintiff's premises,

he would not live there if it was given to him. The precise question in answer to which this evidence was given does not appear, but we are left to the inference that it was testimony called for by some appropriate inquiry, especially as the answer was not disclaimed by the defendants, but the testimony retained after objection by the plaintiff, which the case shows was taken in due time.

The defendants insist that the evidence was harmless, especially as it was the manner adopted by the witness in expressing his estimate of the rental value of the plaintiff's premises without the existence or effect of the alleged acts or omissions of the defendants. We cannot agree with the defendants in this conclusion. It was doubtless competent for the defendants to prove the rental value of the plaintiff's premises, as they were without the alleged injury to them by acts or omissions of the defendants. But it should have been done, if at all, by competent evidence. The rental value of premises may be estimated by a witness and testified to, but it must be the market or merchantable value of the use of the premises, and not the estimate that witness may put upon the same for his own use.

To the individual witness who may have no use for the article, the value of which he is asked to estimate, it may be valueless, while in the general market it may be valuable, and hence the inquiry always is confined to market-value. The inquiry upon this subject should have been confined to the rental value, with and without the alleged nuisance, and that should be estimated by what it would rent for, and not by the estimate that the witness would put upon it for his own use. (*Esther Francis* v. *Jacob F. Schoellkoff*, 53 N. Y., 152; *Van Buren* v. *Water-Works Co.*, 50 Hun, 448; *Barrick* v. *Schifferdecker*, 48 id., 355.)

The appellant also insists that the learned trial court erred in not submitting to the jury after the word " caused," in his second proposed question for the jury, the words " or permitted," upon the request by the plaintiff, which the court refused, and to which refusal the counsel for the plaintiff excepted.

If the amendment proposed by the plaintiff's counsel had been adopted by the court, the question would have read as follows: Did the defendants, by any improper or unreasonable use of their barn lot, cause or permit foul or refuse water drainage to flow on plaintiff's land so as to depreciate its value? If the defendants,

by any improper or unreasonable use of their barn lot, permitted the refuse-water drainage to flow on plaintiff's land so as to depreciate its value, it is difficult to see why they would not be liable. Permitting a nuisance to exist, which was caused by the person creating it, is a repetition of the nuisance. In *Brown* v. *Cayuga and Susquehanna Railroad Company* (12 N. Y., 492), DENIO, J., says: "Every continuance of a nuisance is, in judgment of law, a fresh nuisance." But, in this case, under the question as submitted, and from the charge of the learned judge, the jury might well have inferred that the continuance of the conditions injurious to the plaintiff furnished no ground of action, and unless they found that the defendants caused it, the plaintiff was remediless. This, we think, was restricting the inquiry of the jury within too narrow limits, and the court, in adopting the findings of the jury, must be held to have been restricted in the same manner. In the case above quoted, the same learned judge added: "But I am of opinion that an action on the case will lie against one who continues a nuisance by which damage is occasioned to the plaintiff without notice first given to remove it."

In this case some question was raised as to the exercise of the equitable power of the court to compel a defendant to abate a nuisance without a request made to abate the same. But no such question can arise in the case at bar, as the uncontradicted evidence is that a request was made of both defendants before the commencement of the action to abate the alleged nuisance. We are of opinion that the error referred to in the admission of evidence and the erroneous refusal of the learned judge to submit to the jury the question at to whether or not the defendants permitted the existence of the alleged nuisance may have improperly prejudiced the rights of the plaintiff, and that for these reasons the judgment should be reversed.

Judgment reversed and a new trial ordered, costs to abide event.

LEARNED, P. J., and LANDON, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.