EUGENE C. COLLINS, Claimant, *v.* THE STATE OF NEW YORK.    No. 14209.

(State of New York, Court of Claims, April, 1918.)

Damages — when state responsible — water and watercourses — awards — Code Civ. Pro. § 264.

> Where about forty-five acres of claimant's fifty-five acre dairy farm in Oneida county were overflowed each year prior to 1910 by the rising of the waters of Wood creek, the center line of which was the southerly boundary of said farm, and as a result of the erection in that year, for Barge canal purposes, of a dam across the creek above claimant's premises, all the water from the creek was diverted into the canal leaving the bed of the creek upon and along the lands of the claimant dry, and the crops and productivity of the forty-five acres were each year decreased from what they had been before the diversion, and the use of the water in connection with claimant's dairy after

State of New York, Court of Claims, April, 1918. [Vol. 103.

January 1, 1913, was rendered impossible, such action on the part of the state was a violation of the rights of claimant, and the state so long as it continues such diversion is responsible in damages for the lessened utility of the premises affected.

While the claim was not barred by lapse of time, because the diversion being continuous so also was the damage resulting therefrom, the award under section 264 of the Code of Civil Procedure is limited to the damage which accrued from six months prior to the notice of intention to file up to the time of the filing of the claim.

CLAIM for damages " for the permanent appropriation of the waters of Wood creek," in the town of Vienna, Oneida county.

Davies & Wilkinson, for claimant.

Harry W. Ehle, deputy attorney-general, for state of New York.

CUNNINGHAM, J. At all the times herein mentioned the claimant was the owner of a farm of fifty-five and thirteen one-hundredths acres of land in the town of Vienna, Oneida county, the southerly boundary thereof being the center line of a stream of water known as Wood creek. This farm, prior to the acts of the state, was utilized as a dairy farm, a portion of it being used for pasture, and practically all the remainder of it being devoted to the raising of hay. About forty-five acres of the farm were overflowed each year prior to 1910 by the rising of the waters of Wood creek. It is asserted by the claimant that this resulted in making the farm a natural hay farm, producing annually prolific crops of hay without the necessity of seeding. We are not convinced of this, but do find that the natural overflow of this land was of some fertilizing value. Some years prior to 1910 the city of Rome had so constructed its sewerage system as to discharge the

sewerage of the city into Wood creek, thus polluting it and rendering it unfit for consumption by livestock, and this situation existed at the time of the diversion of the stream by the state, hereinafter mentioned. Against this pollution of the stream by the city of Rome, an injunction had been obtained, the inhibition of which was suspended by an agreement between the city and the riparian owners, including the claimant, for a period antedating the said diversion by the state by several years, and extending until about the 1st day of January, 1913. For this suspension of the injunction the city paid the claimant. So that, in any event, the claimant would have been unable to use the water for his livestock, prior to January 1, 1913, having consented to such pollution by the city of Rome, to that date, for which he had received compensation. On or about May 20, 1910, the state, for the purposes of the Barge canal, erected a dam across Wood creek at a point above the claimant's premises, and thereby cut off all the water from the latter and diverted it into the Barge canal, leaving the bed of the creek upon and along the lands of the claimant dry. As a result of this action on the part of the state, all use of the stream was lost to the claimant, and his forty-five acres of land were no longer overflowed each year and the crops and productivity of the same each year were decreased from what they had been before the diversion, and the use of the water in connection with his dairy after January 1, 1913, was rendered impossible.

The claim purports to be " for the permanent appropriation of the waters of Wood creek," and is formulated somewhat on the theory of an appropriation case. The state, however, filed no appropriation map covering the lands of the claimant, or any part of the stream adjacent to the claimant's premises, nor did it take any of the statutory proceedings prescribed for the

appropriation of lands, and, of course, the claim is not an " appropriation case." It is, rather, a claim for the diversion of the waters of Wood creek from the lands of the claimant and injury to the latter as riparian owner, and will be treated as such. The action of the state is, of course, a violation of the rights of the claimant, and renders the state responsible in damages for the injury occasioned the claimant by the lessened utility of the premises affected, so long as the state continues and perseveres in such diversion of the stream. *Colrick* v. *Swinburne,* 105 N. Y. 503; *Van Buren* v. *Fishkill & M. Waterworks Co.,* 50 Hun, 448. No permanent damage to the premises has been established. This diversion had continued, to the date of the filing of the claim, approximately six years.

However, the notice of intention required by statute was not filed until the 28th day of April, 1916. The claim was filed May 2, 1916. The diversion was continuous, and so was the damage resulting from it. The claim is not barred by the lapse of time. *Knox* v. *Metropolitan El. R. Co.,* 58 Hun, 517; affd., 128 N. Y. 625; *Folts* v. *State,* 118 id. 406; *Wright* v. *Syracuse, B. & N. Y. R. Co.,* 49 Hun, 445; affd., 124 N. Y. 668.

But recovery is limited to the damages which accrued from six months prior to the filing of the notice of intention and up to the time of the filing of the claim. Code Civ. Pro. § 264, and cases cited *supra.* We find that amount to be fifty-eight dollars and seventy-five cents, for which an award will be made.

ACKERSON, P. J., concurs.

Claim awarded.