DANIEL BASTIAN, Claimant, *v.* STATE OF NEW YORK. Claim No. 14605.

·(State of New York, Court of Claims, July, 1918.)

Damages — to crops by flood — when claim for, dismissed — trespass — jurisdiction — Laws 1915, chap. 640, amended by Laws 1916, chap. 420.

The statute (Laws of 1915, chap. 640, as amended by chapter 420, Laws of 1916), conferring jurisdiction upon the Court of Claims of any claim theretofore accrued and filed as required by said statute " for compensation or damages for or on account of the appropriation or use by the state of any lands   ⁎   ⁎   ⁎ or other property " was not intended to include claims for damages with which the appropriation or use of lands, etc., by the state is merely incidental, or remotely concerned or connected; to come within the remedial provisions of the statute the damage to the claimant must be the proximate, physical and direct result of the appropriation or use by the state of land, etc., of the claimant.

Where the owner of a farm through which passed the proposed route of the barge canal has been paid an award for the permanent appropriation of a portion of said farm, and where, as a result of the use by the state of its own property and confined thereto, water was caused to flood certain of the land remaining to the owner of said farm, a claim for damages to crops by one working the farm on equal one-half shares must be dismissed.

The unauthorized acts of the employees of the state which resulted in such damage, and for which there was no statutory provision for compensation, were but the trespasses of the individuals who committed them, and the state is not responsible therefor.

State of New York, Court of Claims, July, 1918.     [Vol. 104.

CLAIM for damages to crops by one working farm on shares.

Heiby W. Ungerer, for claimant.

Harry W. Ehle, deputy attorney-general, for state of New York.

CUNNINGHAM, J.   In each of the years 1909 and 1910, this claimant was working, upon equal one-half shares of the crops, a farm through which passed the proposed route of the barge canal.   The owner of the farm which is situate in the town of Galen, Wayne county, in this state, was William Creager, who, prior to the filing of this claim, filed a claim in this court for the permanent appropriation of a portion of the farm, and received an award of $4,000, in full settlement of his claim.   The award was paid before this claim was filed.   This claimant was not a party to that proceeding, nor was any notice of the appropriation served upon him.   The claimant has filed no notice of intention herein, and this claim was filed on the 2d day of September, 1916.   It alleges that it is filed pursuant to the provisions of chapter 420 of the Laws of 1916.   In April, 1909, the state's resident engineer, accompanied by the contractor who was to build a bridge in connection with the barge canal improvement on or near the farm, called on Creager and stated that the state was about to appropriate a part of the farm, and that proceedings to that end would be soon instituted.   He requested permission to begin work before the proceedings were begun.   Creager was told that they would occupy about two acres, and would not damage any of the crops on the rest of the land.   Creager consented.   This claimant was not consulted, and did not consent to any of the acts herein referred to.   The appropriation by the state of about forty-five acres

of the farm was made on July 17, 1909. On or about May 24, 1909, and between that date and July 17, 1909, a number of men, whose identity is not certain, but whom we find from the proof to be employees of the state, or operating under its orders, began work on the farm, as a result of which much of the crops in which this claimant was interested was destroyed, and he was damaged in various ways: (a) They invaded, excavated and trampled on the corn crop, and destroyed much of it; (b) they dumped and deposited earth in a ditch on the farm, and adjacent to the corn field, so that the water of the ditch backed up and flooded a large part of the corn crop. By both acts of the state aforesaid, six acres of the corn crop were destroyed; (c) they cut trees on the farm and dragged them over the field containing the growing oat crop and destroyed five acres of it; (d) by the clogging of the ditch mentioned, three acres of growing hay were flooded and ruined; (e) in October, 1910, they built an embankment on that part of the premises, which the state had then appropriated, in such a manner as to completely cut off the ditch, causing the water to flood three acres of the land remaining to Creager, which the claimant had seeded to hay.

Several interesting and somewhat intricate questions of law confront us, but our disposition of two of them being determinative of the claim it is unnecessary to comment upon the others, as they cannot affect the result.

The claim presents two alleged causes of action, one alleged to have accrued in 1909, and the other in 1910. If the cause of action alleged to have accrued in 1910 is not within the provisions of chapter 420 of the Laws of 1916, it is obvious that there can be no recovery upon it. The part of that statute with which we are concerned, reads thus:

State of New York, Court of Claims, July, 1918.    [Vol. 104.

" § 1. The court of claims shall have jurisdiction of * * * any claim * * * heretofore accrued, which shall be filed within one year after this act takes effect, for compensation or damages *for or on account of the appropriation or use* by the state of any lands, structures, waters, franchises, rights, easements or other property * * * notwithstanding the lapse of time since the accrual of the claim * * *. The filing of such claim shall also be in lieu and stead of any notice of intention to so file. * * * "

This statute amended chapter 640 of the Laws of 1915, to read as above. Chapter 640 of the Laws of 1915 related solely to claims for compensation or damages, for or on account of the *appropriation* of lands, etc. The amendment, among other changes, brought within the effect of the statute, also, claims *for or on account of the use* by the state of lands, etc. The word " use " in this statute should have its ordinary meaning. It is defined in Webster's Dictionary (Rev. Unab. 1913 ed.) as follows: " The act of employing anything, or of applying it to one's service; the state of being used, employed or applied." We are agreed that the statute applies, not merely to claims for appropriation, but to claims for or on account of the *use* by the state of lands, etc., in certain cases. But to quote from a case recently decided by us,

" It is clear to us that the lands, structures, waters, franchises and rights, easements or other property mentioned, refers to lands, etc., *of the claimant.* It was not the intention of the legislature to extend the privileges of the statute to all claims for damages, nor to claims for damages on account of the appropriation or use of property, *not* of the claimant, but which might, nevertheless, have damaged premises of the claimant. Nor was it intended to include claims for

damages with which the appropriation or use of lands, etc., by the state is merely incidental, or remotely concerned or connected. To come within the remedial provisions of this statute, the damage to the claimant must be the proximate, physical and direct result of the appropriation or use by the state of land, etc., of the claimant. If he had no interest at the time in the land, etc., so appropriated, or so actually used by the state, this statute does not apply to his claim. This damage was not caused by the appropriation or use of any lands in which the claimants had an interest at the time. The excavation and dredging of the channel of the canal was effected by the state on its own premises — land which it had appropriated previous to any construction work whatever. The state did not appropriate or use any property *of the claimants,* nor were the claimants damaged on account of such appropriation or use. They were damaged as the result of use by the state of its own property, and of a use confined to its own property. It is clear to us that the legislature did not intend to abolish the safeguards provided by section 264 of the Code of Civil Procedure, as to claims arising from the use by the state of its own premises, which use may have damaged the claimants or their property. To accomplish such a result would require a more clear and certain expression of intention by the legislature, in its enactment of a change so important and inclusive in character." *Noakes* v. *State,* 104 Misc. Rep. 279.

It is, then, clear that the cause of action for the alleged damage of 1910 is not within the provisions of the statute and that the court is without jurisdiction as to it.

We have been requested by the claimant to find that all the acts complained of and alleged to have occurred in 1909 and 1910 were trespasses against the claimant.

State of New York, Court of Claims, July, 1918.      [Vol. 104.

If that be the case as to the cause of action in 1910, it will afford, under the discussion which will follow, an additional reason for the dismissal of that alleged cause of action. The acts perpetrated in 1909, and constituting the other alleged cause of action of the claim, unquestionably were trespasses, if they were wrongs at all. The proof was not clear and certain that the men who perpetrated these injuries to the crops were employees of the state. If they were not, or if they did not act under the direction of the state's officers, of course, the state would not be liable for their conduct. It is fairly inferable from all the testimony, however, that they were acting pursuant to the orders of the resident engineer, and we have found them to be such employees, for the purposes of this case. For the use of property by the state, or its employees, with the consent of the owners, by arrangement and agreement with the latter, to pay for such use, recovery may be had in this court for use and occupation. *Remington* v. *State of New York,* 116 App. Div. 522. But, as noted, the acts complained of were trespasses. The state is not liable for a trespass committed by its employees, ostensibly in its behalf, without statutory authority, and without appropriate statutory provision for just compensation therefor. *Litchfield* v. *Bond,* 186 N. Y. 66; *Remington* v. *State of New York, supra.* The Barge Canal Act, chapter 147 of the Laws of 1903, contains no provision authorizing such acts by the employees of the state, and provides no means, or plan, of compensation for them. That act affords but one method for the taking of private property, and that is contained in section 4. These acts were not effected pursuant to that section, nor did they purport to be. There was no authority in any employee of the state to perpetrate them, and no statutory provision for compensation for them.

They amounted to the taking of private property of the claimant. Under the authorities we have mentioned, they were but the trespasses of the individuals who committed them, and for them the state is not responsible. Therefore, there can be no recovery for the alleged cause of action of 1909.

The motion made by the state, at the close of the testimony, for the dismissal of the claim is, in all respects, granted, with an exception to the claimant.

ACKERSON, P. J., concurs.

Claim dismissed.