MARY R. WILLIAMS, Claimant, *v.* STATE OF NEW YORK, Defendant.

(Court of Claims, January, 1919.)

**Damages — state not liable for — flooding of lands — pleading — Code Civ. Pro. § 264 — Barge Canal Act, Laws of 1903, chap. 147.**

> In the absence of any trespass and of any negligence, there can be no recovery for damage accruing to a claimant as the result of a public improvement effected under legislative authority. In such case the injury is *damnum absque injuria.*
>
> As a part of the Champlain canal improvement the state, pursuant to the Barge Canal Act (Laws of 1903, chap. 147),

Court of Claims, January, 1919.        [Vol. 106.

erected in the Hudson river " Crocker's Reefs " dam, a solid wall of masonry about seven feet thick and from five to fifteen feet high, but without gates. In consequence of such erection and the raising of the elevation of the river, its waters flowed back to a drainage ditch and flooded a portion of claimant's premises situate about four miles north of the dam, rendering said portion untillable and causing the cellar of claimant's dwelling house to become wet and moist and the house damp and untenantable. These conditions have occurred and persisted and still recur and persist at times and periods other and longer than before the erection of the dam. The soil of plaintiff's premises is pervious, and the level of the ground thereunder varies with the elevation of the water in the river. Both the statutory notice of intention to file a claim for damages and the claim itself were based upon negligence. Upon the hearing no permanent damage to the premises was established nor was there any evidence that the state did, or omitted to do, anything in violation of the requirements of due care and skill, and while it was not shown that gates or other devices are either usual, feasible or desirable, it did appear that because of the variable human element involved in their regulation and operation, gates would be much less safe and desirable. *Held,* that the claim should be dismissed upon the ground that a cause of action had not been established.

The erection of the dam, resulting directly and necessarily in the flooding of plaintiff's premises to her damage, being a continuous trespass for which the state might be held liable in an[ appropriate proceeding, plaintiff's right to recover, though not barred by lapse of time, was limited under section 264 of the Code of Civil Procedure, to the damage accruing within six months prior to the filing of the notice of intention to file the claim, but the trespass not having been pleaded no recovery could be had therefor, and a motion to amend the claim to conform to the proof so as to allege a claim for trespass instead of negligence will be denied.

CLAIM for damages caused by the flooding of claimant's land.

Nash Rockwood (H. P. Pendrick and C. L. McMahon, of counsel), for claimant.

John H. Clogston, deputy attorney-general, for state of New York.

CUNNINGHAM, J. The notice of intention in this case alleges:

" The claim will be based upon the negligence of the State of New York, its officers, agents and servants in constructing and maintaining a dam across the Hudson River * * *."

Also, "All of the said damages were caused by the overflow of the said waters of the said Hudson river, which overflow was and is caused by the negligence and improper construction of said Crocker's Reefs dam. * * *."

The claim itself reads in part as follows:

" *First*. This claim is for negligence of the State of New York in constructing and maintaining a dam across the Hudson River * * * and particularly in failing to provide a sufficient opening in said dam, or proper appliances to permit the water to escape freely through said dam."

" *Third*. That in the months of April, May and June, 1913, by reason of the negligence of the State of New York in the negligent construction of said dam and the failure to provide an opening in said dam or gates or some other proper and sufficient appliance to permit the waters of the Hudson River to flow freely through said dam, the waters of the said Hudson River were forced back in and upon the lands of this claimant, thereby flooding the same * * * and the entire property, by reason of the aforesaid flooding and negligence on the part of the State of New York, is unfit for use and greatly depreciated in value until the same is now valueless and no longer tenantable."

On the trial, the claimant established that she became the owner of the premises concerned in 1905. They consist of about five acres of land on the bank of the Hudson river, in the town of Moreau, Saratoga county. On the premises are a very substantial dwelling house

and barn. The property has been in the family for many years. Before the erection of the dam it was subject to floods each spring, at which time the water from the river came upon the land, and into the cellar, but the water and dampness promptly disappeared with the recession of the water of the river after these floods. In the year 1906, the state, pursuant to the authority of chapter 147 of the Laws of 1903, known as the Barge Canal Act, erected a dam in the Hudson river known as Crocker's Reefs dam. It is situated about four miles south of the claimant's property, and is built of masonry and concrete with a permanent crest, being a solid wall of masonry about seven feet thick, and from five feet to fifteen feet high. It has no gates. This dam is part of the Champlain canal improvement, and its purpose is to maintain the river above it, at a level constantly adequate for the purposes of navigation. The effect of the dam is to raise the elevation in the river along claimant's property about four feet in times of low water, but in periods of greater discharge, the effect of the dam upon the elevation of the water at the claimant's premises, decreases, until under conditions of very great discharge or natural flood conditions in the river, it does not raise the elevation of the water at all over what it would be otherwise, and naturally. The soil of the claimant's premises is pervious, and it appears that the level of the ground water under it varies with the elevation of the water in the river.

The claimant proved, too, that, as a consequence of the erection of this dam and the raising of the elevation of the river, the water of the latter flowed back through a drainage ditch and flooded a portion of her premises, rendering it untillable, and that the cellar of her dwelling house became wet and moist and the house itself became damp, cold and untenantable, and

that these conditions have occurred and persisted, and still recur and persist, at times and periods, other and longer than before the erection of the dam.

In the first place, it is the law that there can be no recovery for damage accruing to a claimant as the result of a public improvement effected under legislative authority, in the absence of any trespass and of any negligence. The injury to the claimant in such a case is *damnum absque injuria. Brooks* v. *State of New York,* 17 C. of C. R. 77; 13 St. Dept. Rep. 38; *Weaver* v. *State of New York,* 17 C. of C. R. 13; 12 St. Dept. Rep. 8; *Gordon* v. *Ellenville & K. R. Co.,* 195 N. Y. 137; *McKee* v. *Delaware & H. Canal Co.,* 125 id. 353–356.

It is clear that the notice of intention and claim here sound, not in trespass but in negligence. They leave no doubt that negligence is the gravamen of the action.

The claimant, however, has failed utterly to establish the negligence of the state. There is no proof whatever that the state did, or omitted anything, in violation of the requirements of due care and skill. It has not been established that gates, or other devices, in such a dam are either usual, feasible or desirable, but, on the contrary, it appeared that because of the variable human element involved in their regulation and operation, they would be much less safe and desirable. The claimant has failed to establish the cause of action alleged, and she cannot recover upon it.

It appears that the erection of the dam resulted directly and necessarily in the flooding of the claimant's premises and damaged her. For this trespass the state would seem to be liable in an appropriate proceeding to the extent of the damage properly proved. The trespass is continuous, and, therefore, the right to recover is not barred by the lapse of time,

but is limited to the damages accruing within six months prior to the filing of the notice of intention. Code Civ. Pro. § 264; *Collins* v. *State of New York,* 103 Misc. Rep. 217, and cases cited; *Noakes* v. *State of New York,* 104 id. 276.

But the claim is based on negligence only, as we have indicated. On the trial, at the conclusion of her case, the claimant moved to amend the claim to conform it to the proof, in effect, to allege a claim for trespass instead of negligence. Decision on this motion was reserved. It is now denied, with an exception to the claimant. A recent decision of the Appellate Division points out that such an amendment substitutes a different cause of action for that originally alleged, and is unauthorized and erroneous, and recovery can be had only on the cause of action pleaded. *Konner* v. *State of New York,* 180 App. Div. 837. So the claimant cannot recover on the theory of a trespass.

In brief, she cannot recover for trespass because she did not allege it; she cannot recover for negligence because she has failed to establish it. *Konner* v. *State of New York, supra.*

No permanent damage to the premises has been established. If the dam were removed, or the causal conditions of which the claimant complains were corrected, the premises, from that moment, would resume the situation existing prior to 1906. The premises will be affected and damaged only so long as the dam remains unchanged. It is obvious that if the dam were removed or if gates or other devices could be and should be installed which would relieve the situation at critical times, the claimant's damages would end. The state could, perhaps, terminate the claimant's damages at any time, and it is quite conceivable, in view of the substantial damages claimed here, and of the probability that others are similarly affected,

that the state might choose that course. The measure of the claimant's damage, therefore, is not the difference between the value of the premises before and after the erection of the dam, which would be so if the damage to the premises were permanent, but the proper measure is the lessened utility of the premises affected, so long as the state continues and perseveres in the trespass. *Collins* v. *State of New York, supra; Noakes* v. *State of New York, supra.* The only evidence offered by the claimant of the amount of her damages related to the value of her premises before the construction of the dam and the value at the time of the trial, her contention being that the difference should be the measure of her recovery. She refrained from presenting any evidence whatever of the amount of loss of rental value or of lessened utility of the property, during any time or period whatever. Therefore, even if there were no variance between her pleadings and proof which would bar recovery, the case would lack the essential element of evidence of the damages to which the claimant otherwise might be entitled, and it would seem that her recovery would be limited to nominal damages, because of this omission of proof.

It is clear from the foregoing discussion that the claim must be dismissed. All motions made by the state at the trial, decision upon which was reserved, are hereby denied, with an exception to the state.

ACKERSON, P. J., concurs.

**Claim dismissed.**