NETTIE M. BARNHART, LEO G. BARNHART, ARTHUR J. BARNHART and ANNA M. BARNHART, His Wife, and EDITH M. B. HARRISON, Claimants, *v.* STATE OF NEW YORK.

## Claim No. 15031.

(State of New York, Court of Claims, September, 1920.)

Statutes — appropriation by the state of lands and waters — claims — meaning of " appropriations "— damages — notice of intention — Barge Canal Act (Laws of 1903, chap. 147, § 4)— Laws of 1909, chap. 391, § 4 — Laws of 1911, chap. 496, § 8 — Laws of 1916, chap. 420.

The statute (Laws of 1916, chap. 420) which waives the provision of law requiring the filing of a notice of intention with the attorney-general does so only in cases where the state has appropriated lands or waters as provided in the Barge Canal Act (Laws of 1903, chap. 147, and amendatory acts.) (P. 126.)

Section 4 of chapter 391 of the Laws of 1909 and the acts amendatory thereof, and section 8 of chapter 496 of the Laws of 1911, apply only to a case of an appropriation by the state.

Where a claim is filed under the statute providing for an award in cases of an appropriation by the state, the claimant can only recover in case there has been an "appropriation" as defined by section 4 of the Barge Canal Act.    (Id.)

When the state in building the Barge canal crossed a creek in which claimants, the owners of a grist mill thereon, had the

right of a riparian owner together with the right of damming the waters of the creek, it took the water of the creek into the Barge canal but discharged an equal amount into the creek on the lower side, and though at times there was an interference with the flow of the waters in the creek, the ten-mile level of the Barge canal furnished as much if not more water to claimants than they had before. *Held,* that no appropriation by the state of any rights or interests of claimants either in their lands or waters had been made, and no facts having been established indicating any intention on the part of the state to make such appropriation, the claim asking for an award under the law governing "appropriations" as defined by the Barge Canal Act, will be dismissed.

CLAIMS for damages for lands and waters appropriated by the state.

Barnum & Wells, for claimants.

John H. Clogston, deputy attorney-general, for state.

MORSCHAUSER, J. The claimants are the owners of a grist mill and certain rights in the waters of Ganargua creek, commonly called Mud creek, in the village of Palmyra, N. Y. The mill is commonly known as "Barnhart's Mill." The claimants also own certain easements, including riparian rights and water privileges in the creek, including hydraulic raceway, dam, pond and other appurtenances connected with the same. The claimants also have the right to dam said creek to hold back the waters in the pond connected with said mill. The rights of the water in the creek are owned and controlled by the claimants on the east and west of the Barge canal, and also the right to use a large portion of the waters of said creek with the right to impound the same and the perpetual right of drawing and using said waters, including the free, unobstructed and uninterrupted use of the water in said creek under written convey-

ances, and the claimants and their predecessors in
title had used and exercised these rights for many
years in connection with the operation of the said mill.

The state in constructing the Barge canal crossed
the said creek and built its canal something like 1,500
feet above and west of the Barnhart mill and pond
and necessarily in the construction of the canal cut
through the said creek and absorbed the waters of the
same and caused the waters of said creek at that point
to flow into the canal. The state at the same time con-
structed a gate on the east side of the Barge canal,
which could be raised and lowered so as to permit a cer-
tain amount of water to flow into the said creek and so
on toward the pond connected with said mill and in this
way the claimants were furnished water to operate
their mill. During the construction of the canal the
state furnished the claimants with electric power to
run the mill free of charge to the claimants and con-
tinued to do so for a period of about two years when
the Barge canal was completed. After the completion
of the canal at this point the state ceased furnishing
such electric power, but had a gateway by which it
furnished the claimants with water from time to time
as the claimants needed it and discharged such water
in said creek at the opposite side of the place where
the waters of the creek entered such Barge canal. For
many years before and after the construction of the
canal it was at certain seasons of the year necessary
for the claimants in the operation of their mill to use
other than water power such as steam, gasoline engine
or electricity. The mill was a small plant, the wheel
having a head of about four and one-half feet and the
dam being seven feet in height. The claimants are the
owners of the mill and the land surrounding it and had
the right to impound the waters of the said creek for
a distance of about two miles above the mill. The

claimants never owned the fee of the land through which the Barge canal passed and the state in building this Barge canal appropriated the land upon which it was built and took the waters of the said creek into said canal and placed a gateway as above mentioned on the opposite side at this point so that the claimants could operate the mill as above stated.

The claimants never filed any notice of intention with the clerk of the Court of Claims or with the attorney-general as required by section 264 of the Code, but filed a claim with the clerk without the notice of intention as required by law and filed the same under the provisions of chapter 420 of the Laws of 1916, and in filing the claim the claimants asked for an award under the law governing appropriations as defined by section 4 of chapter 147 of the Laws of 1903, and the acts amendatory thereof (see Birdseye Consol. Laws, p. 885, § 4), and the claimants assert in their claim that in the building of the Barge canal the state interfered with the flow of the water of the said creek and greatly diminished the amount of water that formerly flowed in said creek and emptied into the pond of said claimants, which water they assert they had the right to use by grants and conveyances to them previous to the construction of the Barge canal.

The state never filed a map or served notice on the claimants, or in any manner took any steps to appropriate the land or the water rights of the claimants, and at no time did the state engineer or the canal board do anything showing an intent to appropriate any of the claimants' rights in the waters of said creek. On the trial herein the state asserts that the claimants had the benefit of the waters of a ten-mile level of the canal, which furnished the claimants with a much greater quantity of water than the two miles of pondage that existed before the canal interfered

with the creek, and the state also asserts that the
claimants could only file a claim for damages for
interference and not a claim for an award under the
provisions of section 4 and also chapter 300 of the
Laws of 1916 for the payment of lands or waters
appropriated by the state.

The claimants never having filed a notice of inten-
tion with the attorney-general and the clerk of the
Court of Claims, as provided for by section 264 of the
Code, but having only filed a claim with the clerk as
provided for in chapter 420 of the Laws of 1916, can-
not recover in this matter for any damages sustained
by reason of the interference of their water rights in
the said creek unless there was an appropriation by
the state as provided by law.

Chapter 420 of the Laws of 1916, which waives the
provision of law requiring the filing of a notice of
intention with the attorney-general, only does so in
cases where the state has appropriated lands or
waters as provided for in chapter 147 of the Laws of
1903, and the acts amendatory thereof, and section 4,
chapter 391 of the Laws of 1909, and the acts amenda-
tory thereof, and section 8, chapter 496 of the Laws of
1911, apply only to a case of an appropriation by the
state. The claimants having filed their claim under
the provisions of law providing for an award in cases
of an appropriation by the state, could only recover
in this matter if there had been an appropriation as
defined by section 4, chapter 147 of the Laws of 1903,
and the acts amendatory thereof.

We think that no appropriation by the state of any
rights or interest of the claimants either in their lands
or waters has been made and no facts have been
established by the evidence indicating any intention
on the part of the state to make such appropriations.
It was held in the case of *Noakes* v. *State of New York,*

Misc.]        Court of Claims, September, 1920.

104 Misc. Rep. 276, and in the case of *American Woolen Co.* v. *State of New York,* 110 id. 413, in which cases the facts were similar to this case, that there was no appropriation by the state. Judge Cunningham in the *Noakes* case, in his opinion said, in discussing the statute: " It is clear to us that the lands, structures, waters, franchises and rights, easements or other property mentioned, refers to lands, etc., of the claimant. It was not the intention of the legislature. to extend the privileges of the statute to all claims for damages, nor to claims for damages on account of the appropriation or use of property, not of the claimant, but which might, nevertheless, have damaged premises of the claimant. Nor was it intended to include claims for damages with which the appropriation or use of lands, etc., by the state is merely incidental, or remotely concerned or connected. To come within the remedial provisions of this statute, the damage to the claimant must be the proximate, physical and direct result of the appropriation or use by the state of land, etc., of the claimant. If he had no interest at the time in the land, etc., so appropriated, or so actually used by the state, this statute does not apply to his claim. This damage was not caused by the appropriation or use of any lands in which the claimants had an interest at the time."

In the case of *American Woolen Co.* v. *State of New York,* where the state in building its Barge canal interfered with the claimants' water rights but in no way interfered with the physical possession or control of the claimants' land or premises, Judge Ackerson, in a very long and able opinion, in construing chapter 147 of the Laws of 1903 and also section 4 of chapter 273 of the Laws of 1909, said: " It is apparent that if what was done by the state here amounts to an ' appropriation ' it was not an ' appropriation '

made ' as provided by chapter 147 of the Laws of 1903, and the acts amendatory thereof and supplemental thereto.' Section 4 of this act, as amended by chapter 273 of the Laws of 1909, specifically provides the manner of appropriating lands, structures and waters for the use and purposes therein set forth. It is not contended by the claimant that any ' appropriation ' of its property was made here under and in accordance with the provisions of that section as so amended. Not being an ' appropriation ' claim, therefore, within the intent and meaning of chapter 147 of the Laws of 1903 and the acts amendatory thereof as in force on July 21, 1909, it cannot be brought within the provisions of chapter 606 of the Laws of 1918.''

There never was any physical invasion of the claimants' land or rights except that the state in constructing the Barge canal crossed the creek in which the claimants had the right of a riparian owner and the right of damming the waters of the creek and these rights the state did not appropriate, and when the state took the water of the creek into the Barge canal the state discharged an equal amount into the creek on the lower side, so that the claimants' water was not taken and at most what the claimants did suffer was at times an interference with the flow of the water in the creek, and from the evidence in the case it appears that the ten-mile level of the Barge canal furnished as much, if not more, water to the claimants than they had before.

We think the case of *Noakes* v. *State of New York* and the case of *American Woolen Co.* v. *State of New York,* recently decided, establish that the acts of the state in this case were not an appropriation within the provisions of the statutes cited. Since claimants in their claim allege damages and ask for an award for an *appropriation* by the state, when the claimants fail

upon the trial to establish that the state appropriated any of the lands or waters, the claim of the claimants must be dismissed and the claimants, if they have in the past or will in the future sustain any damages by reason of the construction of the Barge canal, must file the claim for damages as provided for by section 264 of the Code, not only filing the notice of intention with the clerk of the Court of Claims and with the attorney-general, but also filing the claim as provided for by law.

The claim is, therefore, dismissed.

SMITH, J., concurs.

Claim dismissed.