Charles T. Major, J.
This is a claim for damages to claimant’s property alleged to have been sustained by waters overflowing Oneida Lake, in about the second and/or third week of April, 1955. The exact date is unknown. Oneida Lake and its outlet Oneida River are part of the Barge Canal System.
Around the period alleged, the waters of Oneida Lake did overflow claimant’s lands and caused damage in the sum of $611. The question is one of liability.
Damages resulting from a public improvement, such as a canal, effected under legislative authority, are not recoverable in the absence of trespass or negligence, and the burden is upon the claimant to show such trespass or negligence. (Moynehan v. State of New York, 1 N. Y. S. 2d 907; Williams v. State of New York, 106 Misc. 19 and cited cases.)
Similar claims have been filed against the State from time to time since 1854. (Moltion v. State of New York, 193 Misc. 850.) A good account of the historical background of the construction and operation of the canal, bearing on the State’s liability, is contained in the decision in Haskell v. State of New York (13 N. Y. S. 2d 192). Awards have been granted on many of such claims prior to the completion of the reconstruction of the new system of water control .on February 15, 1952.
Prior to February 15, 1952, the State had constructed and maintained on Oneida River a permanent, solid, watertight concrete dam at Caughdenoy, called the Caughdcnoy Dam. No water could pass this dam except what flowed over the top thereof, or that which the State permitted to escape through a sluice gate in an old abandoned lock controlled by a vertical lift bridge. The construction of the permanent solid dam raised the normal lake level from 368.5 feet to 370 feet B. C. D. (Barge Canal Datum).
The minimum required level of the lake for navigation purposes is and was 369.89 feet B. O. D.
In 1935 or 1936, the State also installed a guard gate at the upstream side of Lock 23 to protect the lock gates. Water could be discharged by this gate through Lock 23 by lowering its gate to the sill, opening and tying back the lock gate, then raising the guard gate some distance above the sill. There were times prior to the removal of the solid concrete dam that water to a certain extent was permitted to escape in this manner, but such use greatly endangered the lock. In any event, this guard gate is not located on a natural outlet from the lake or the river. It is an artificial cut- through the land, made by *487 the State. It required no opening of this gate to have the lake in its original state.
The new control system completed in February, 1952, retained the guard gate at Lock 23, totally removed the solid concrete Caughdenoy Dam and installed in its place a series of 7 Taintor gates, each 52 feet wide and supported on piers 8 feet wide between the gates, so that when the gates were open the water could flow past in the same quantity as if there were no gates in the stream. These gates were opened wide and tied from December 2, 1954, at the close of the navigation season, until April 26,1955.
The lake level was 370.5 feet on January 1, 1955, and it gradually worked down to its low point of 368.5 on February 20, 1955. On March 15, it had worked back up to 371.7, the level then varied up and down until the high point of 372.1 on March 26; and went down again on April 1, to 371.6 feet, then increased until April 12, to 372.3. These measurements are from the Brewerton staff gauge.
During all this time, there were no works or construction of the State restricting the flow of water. The natural, normal channel was wide open. The impediment and restriction was due to the Caughdenoy reef, — a natural formation just ahead of the State dam. The State had no obligation to remove this reef.
In the absence of any proof that the State has diverted additional waters into Oneida Lake over and above that which flowed therein prior to the Barge Canal era, the State is not liable for any high water which is not in excess of the elevation to which such water would have risen prior to such Barge Canal construction. On the days in question, claimant’s lands would have been flooded if nothing had been done by the State; therefore, claimant cannot recover damages because work of the State failed to prevent flooding. (Stone v. State of New York, 138 N. Y. 124.)
The State was using Oneida Lake and Oneida River for canal purposes only, and had no obligation or responsibility to maintain the flood gate at Lock 23 for control of flood waters not caused by the State structures, and the State was under no duty to exercise flood control. (Iodice v. State of New York, 277 App. Div. 647, affd. without opinion 303 N. Y. 740.)
The court finds no negligence or trespass on the part of the State which was a proximate cause of, or in any way contributed to, any flooding which caused damage to claimant’s property,
*488 The claim herein is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Judgment is directed accordingly.