JESSE YAW, Claimant, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

The year within which, under the provisions of the Revised Statutes (1 R. S. 226, § 49), a claimant for damages for premises that shall have been appropriated to the use of a canal is required to file his claim or be forever barred from recovering compensation does not begin to run, as to lands permanently appropriated, until the quantity taken has been determined by the officers of the state and its boundary lines described on the maps they are authorized to make and file, or marked on the ground by monuments in such a manner that the owner has the means of ascertaining the quantity and boundaries.

As to lands temporarily taken, the statute does not begin to run until the state has ceased to use the lands.

Where, therefore, a decision of the Board of Claims awarding nothing on a claim filed in January, 1871, for lands permanently and temporarily appropriated by the state in 1867, on the ground that the Statute of Limitations was a bar, contained no description of the land appropriated, and did not state the facts as required by statute (§§ 4, 8, 11, chap. 205, Laws of 1883, as amended by chap. 60, Laws of 1884), and the evidence did not show how much land the state claimed to have appropriated, either permanently or temporarily, and it appeared that the lines showing the permanent appropriation were first partially established in 1868, but not completed until in 1870, and it did not appear when, if ever, the lines were established on the claimant's land, but it appeared

that the construction of the canal was still in progress at the time of the hearing upon the claim, *held*, the evidence failed to show that the quantity of land permanently appropriated had been determined and described or marked out, or that the state had ceased to occupy the land temporarily appropriated for more than a year before the filing of the claim; and so, that the award was erroneous.

(Argued April 20, 1891; decided June 2, 1891.)

APPEAL from an award of the Board of Claims dismissing the proceedings and awarding nothing for lands appropriated by the state for the construction of the new Oneida Lake canal, on the ground that the right to recover damages is barred by the Statute of Limitations.

The facts, so far as material, are stated in the opinion.

*M. J. Shoecraft* for appellant.    The Statute of Limitations is not a bar to a recovery by claimant.    (Laws of 1836, chap. 287; Laws of 1866, chap. 836.)    Before the state can plead the Statute of Limitations so as to bar claimant's right to damages sustained by reason of appropriating his land for canal purposes, it must comply with the statute in reference to making, certifying, approving and filing maps of the Oneida Lake canal, as required by law, in the comptroller's office or auditor's office since 1841, and in the county clerk's office of the county in which said canal is located.    (Laws of 1837, chap. 451, § 6 ; 81 N. Y. 21 ; 15 Barb. 627.)    When to a just claim against the state the only defense interposed is the Statute of Limitations, it should at least establish that defense both on the law and the fact with reasonable clearness and certainty. (*Corkings* v. *State*, 99 N. Y. 491, 492.)    It was contended before the appraisers and also before the present Court of Claims, that the statute in reference to making and filing maps, as above stated, did not apply to this and the other similar cases, for the reason that while the state did divide claimant's farm in the construction of said canal, cutting it in two pieces or parts, it only took a strip of land through the centre and not having taken all the land, on the one or the other side of the canal, leaving land on both sides of the canal belonging to

the claimant, that, therefore, the case did not come within the statute requiring maps to be made and filed as aforesaid. It is respectfully submitted that such a construction of the statute is quite too narrow, and evades the true intention of the statute. (*Mark* v. *State*, 97 N. Y. 572.)

*John W. Hogan, Deputy Attorney-General,* for respondent. The appeal from the order denying the application to amend the claim will not be entertained by this court. (Laws of 1883, chap. 205, § 10; *Chapin* v. *State*, 117 N. Y. 511; *Speers* v. *Mayor, etc.*, 72 id. 442.) The act of 1870 has no application whatever with reference to the right of the claimant to recover from the state, but his rights were determined by the Revised Statutes. (*Marks* v. *State*, 97 N. Y. 572; *Benedict* v. *State*, 120 id. 228; *Stewart* v. *State*, 105 id. 254; *Hecock* v. *State*, Id. 246; Laws of 1866, chap. 836.) The claim filed herein was barred by the Statute of Limitations, created by the provisions of the Revised Statutes cited, and the Board of Claims was without jurisdiction to make an award in favor of claimant. (*Lewis* v. *State*, 96 N. Y. 71; Laws of 1867, chap. 934; *Rexford* v. *Knight*, 11 N. Y. 312; *Baker* v. *Johnson*, 2 Hill, 342; *Turrell* v. *Norman*, 19 Barb. 263; *People* v. *Hayden*, 6 Hill, 359; *Birdsall* v. *Cary*, 66 How. Pr. 358; *Ten Broeck* v. *Sherill*, 71 N. Y. 276; *Whitney* v. *State*, 96 id. 240; *Elbridge* v. *City of Binghamton*, 120 id. 309; *Millard* v. *Chapin*, 104 id. 102; *Marks* v. *State*, 97 id. 580.)

FOLLETT, Ch. J. Prior to February 8, 1878, the date of the appointment of the first superintendent of public works, the board of canal commissioners had the general care and superintendence of the canals of this state, with power to appropriate, permanently or temporarily, lands necessary for their construction or maintenance. (Const. art. 5, § 3, as amended in 1876; 1 R. S. 220, §§ 9, 16.)

The construction of the new Oneida Lake canal was authorized by chapter 934 of the Laws of 1867, pursuant to which it was afterwards built, and in the course of its construction

the state permanently appropriated about eight acres, and temporarily appropriated about twelve acres of the claimant's land, for which no compensation has been made. On the 30th of January, 1871, the claimant filed his claim for damages, which was tried by the board of canal appraisers, which awarded the claimant nothing, on the ground that the Statute of Limitations was a bar. On an appeal to the canal board a rehearing was awarded, which was had before the Board of Claims, pursuant to chapter 205 of the Laws of 1883, which disallowed the claim and dismissed the proceedings by an order entered May 5, 1886, upon the ground that the claim was barred by the Statute of Limitations, from which order an appeal to this court was taken.

The record which we are called on to review is a very unsatisfactory one. The statute regulating the practice of the Board of Claims provides: "Upon the hearing of all claims before the board, the rule of evidence now prevailing in the courts of record of this state shall be observed, and the practice upon such hearing of claims and taking appeals from the final order or award made therein shall conform, as near as may be, to the practice now prevailing in the Supreme Court of this state, upon the trial of actions and upon appeal." (Chap. 205, Laws 1883, § 11, as amended by chap. 60, Laws 1884.) Under this statute decisions of the Board of Claims should be in writing, signed by all or a majority of the commissioners, and separately stating the facts found and the conclusions of law, pursuant to the practice in the Supreme Court, as prescribed by sections 1010 and 1022 of the Code of Civil Procedure. Again, the eighth section of chapter 205 of the Laws of 1883, provides: "§ 8. On the termination of a hearing before the board of claims, the commissioners, or any two of them, shall make and assign (sign) the award of the board, which shall contain the names of the persons interested, the names of the attorneys, if any, who appeared for the claimant, or by whom the claim was made, the amount allowed the claimant, if any, and if it be a case where the state seeks to appropriate or has appropriated lands for public use, a description by metes and bounds

of the land appropriated and for which the award is made, and what amount, if any, the board has deducted from the claim for claims of the state against the claimant, or payments, an entry of which shall be made in detail by the clerk of said board in the book kept by him for that purpose, which entry shall be signed by the commissioners making such award."

The final order or award contains no description of the lands appropriated, nor does it show what facts were deemed to be established by the evidence, nor is it signed by any of the commissioners, and this court is compelled to decide this appeal by an examination of the evidence, which is far from giving a satisfactory account of the proceedings taken by the state, when taken, or how much land the state claims to have appropriated, either permanently or temporarily.

It appears that October 23, 1867, it was resolved by the contracting board to build a new canal on a line laid down on the map theretofore prepared and then exhibited by the state engineer and surveyor, and December 18, 1867, the construction of the canal was let. The lines showing the permanent location of the land taken for its construction were partly established and marked on the ground by stakes in 1868, but this work was not completed until 1870. It does not appear when, if ever, the lines were established on the claimant's farm. The work of constructing the canal was begun in May, 1868; was continued until October or December of that year, when it was suspended; was recommenced in June, 1874, and continued until January, 1875, when it was suspended for a time; was afterwards resumed, and was in progress at the time of the hearing of this claim by the board of canal appraisers in September, 1877.

We think the year within which the claimant was, by the forty-ninth section of article first, title nine, chapter nine of the first part of the Revised Statutes (1 R. S. 226, § 49), required to file his claim or be forever barred from recovering compensation, does not begin to run, as to lands permanently appropriated, until the quantity has been determined by the officers of the state and its boundary lines described on maps

which they are authorized to make and file, or marked on the ground by monuments in such a manner that the owner had the means of ascertaining the quantity and boundaries of the land to be taken. The case does not show that the state described the lands which it proposed to appropriate, or that it described the boundaries on the ground a year before the claimant filed his claim. As before stated, it appears that the exterior, or blue lines, were not all established until some time in 1870 ; there is nothing in the evidence warranting the board in inferring that such work was completed before January thirtieth of that year. As to the land temporarily taken, the statute did not begin to run against the claimant until the state had ceased to use it ; for until that time the claimant could not ascertain the extent of his damages, or the length of time which he would be deprived of its use. There is nothing in the case justifying the conclusion that the state had ceased to occupy the lands temporarily taken for more than a year prior to the date of filing the claim ; on the contrary, the undisputed evidence is, that the work of construction was not completed until long after the claim was filed. The language of the Court of Appeals in *Corkings* v. *State* (99 N. Y. 491, 499), is particularly applicable to this case. It was there said : "When the state, to a just claim such as this is found to be, has no better or other defense than the Statute of Limitations, it should at least, both upon the law and the facts, establish that defense with reasonable clearness and certainty."

The award should be reversed and a rehearing granted before the Board of Claims, with costs to abide the event.

All concur.

Award reversed and rehearing granted.