Louise V. Weismantle, Appellant, *v.* The State of New York, Respondent.

Fourth Department, November 12, 1924.

State — Barge canal — claim by riparian owner for damages to farm caused by lowering bed of Wood creek which passed through farm — State lowered bed of Fish creek which was used for canal and thereby increased rapidity of flow in Wood creek — effect was to deepen channel, wash away several acres of claimant's land, and destroy her bridge — act of State amounted to appropriation — fact that Wood creek is navigable stream does not relieve State from liability — State is liable to pay under Barge Canal Act (Laws of 1903, chap. 147) — State was negligent in failing to erect weir to control flow of Wood creek.

The act of the State in lowering the bed of Fish creek in Oneida county in the construction of the Barge canal which passed along the course of Fish creek, which act resulted in increasing the rapidity of flow of the water in Wood creek thereby deepening its channel, washing away several acres of land of the claimant, a riparian owner, and destroying a bridge belonging to her, constituted an appropriation of claimant's property even though the Barge canal did not touch her property and though no notice or map was served on her showing that portions of her property would be taken; the filing of a map and the serving of a notice is not the only method by which the State can appropriate property for the Barge canal.

The fact that Wood creek is a navigable stream and is subject to the control of the State, which may improve it for the purposes of navigation, does not relieve the State from liability under the Barge Canal Act (Laws of 1903, chap. 147). since damage to the claimant was not effected in the process of improving the navigation of Wood creek but was done for the purpose of improving an artificial channel of navigation.

Under the evidence disclosed at the trial it could be found that there was negligence on the part of the State in failing to erect a weir or other suitable structure to control the flow of the waters of Wood creek and thereby prevent the damage which has resulted.

Appeal by the claimant, Louise V. Weismantle, from a judgment of the Court of Claims, entered on the 29th day of December, 1923, dismissing her claim upon the merits.

*Russel S. Johnson* [*W. J. B. Williams* with him on the brief], for the appellant.

*Carl Sherman*, Attorney-General [*A. M. Sperry*, Deputy Attorney-General, of counsel], for the respondent.

Clark, J.:

Claimant owns a farm of about 450 acres located on both sides of a small creek called Wood creek, in the town of Verona, Oneida county, N. Y. She claims that some 225 acres of said farm have been permanently damaged by reason of work in connection with the construction of the Barge canal.

It is the contention of claimant that the waters of Wood creek have been diverted and the bed of the stream has been lowered several feet at a point where it empties into Fish creek, which is now a part of the Barge canal, so that the stream which had always been sluggish and crooked has been changed to a rapidly flowing stream, and that as a result the bed of the creek has been washed out so that instead of its natural level being about five feet below the surrounding ground as it passes through claimant's farm, it is over fourteen feet below the ground, and that the stream instead of being thirty feet wide at that point, as it always had been, is now from one hundred to one hundred and fifty feet wide; that by process of erosion claimant's land has been washed away, she has been deprived of valuable fertilizing to her land which formerly followed the annual overflow of her property from Wood creek, and that nearly four acres of her farm have been washed away; that her bridge, always maintained to enable her to reach portions of her farm lying north of the creek from the portion from where the farm buildings are located, has been washed away and cannot be permanently replaced owing to the constant erosion on the sides of the creek caused by the increased rapidity of its flow.

Claimant alleges that she suffered damage because the State in its Barge canal construction negligently lowered the outlet of Wood creek several feet below its natural bed, resulting in greatly increasing the rapidity of the flow of its waters which caused the washing away of her lands as described in her claim.

The State contends that in making this change in Wood creek it was within its rights, because Wood creek is a navigable stream which it had a right to improve for navigation purposes and that any damages claimant sustained were consequential damages for which the State is not liable.

The Court of Claims found that the State in building the Barge canal straightened and widened Wood creek, and that by reason of the force of the water coming down the stream, especially in flood time, the channel had been deepened and widened and that nearly four acres of claimant's farm had been washed away, and that some fifteen acres had been damaged, and that her farm bridge had been destroyed, but the court dismissed the claim because the damages complained of were incidental and consequential and resulted from the State's improvement of the navigability of Wood creek, and that there was no unlawful invasion or appropriation of claimant's rights.

It is not claimed that claimant had any special grant or rights

39

in Wood creek where it passed her property. Her rights at that point were merely those of a riparian owner.

At the time of the American Revolution Wood creek was navigable for small boats and rafts and was used to some extent in transporting troops and supplies.

But for more than fifty years this creek has been bridged at a point opposite claimant's farm, and there was no evidence that it had been used for navigation purposes within the last half century.

Claimant as a riparian owner had title to the center of the stream and had the right to the undisturbed flow of its waters in the usual way, but subject to the right of the State to use, regulate and control the waters of this creek for purposes of navigation on it. (*Smith* v. *City of Rochester*, 92 N. Y. 463.)

If the State had lowered Wood creek for the purpose of improving the navigation of that stream, claimant would have no just claim for damages, for she not having a grant from the State of any special privileges in the stream, her rights would be merely those of a riparian owner. (*Hinkley* v. *State of New York*, 202 App. Div. 570.)

But here the State did not undertake in its Barge canal construction to improve the navigability of Wood creek. That stream flows in a general southwesterly direction and empties into Fish creek about a mile east of Oneida lake.

In constructing the Barge canal its course through this section was through what is called the Wood creek valley. The work proceeded westerly until it reached Fish creek, which it absorbed and proceeded on to Oneida lake on the Fish creek course, but it did not touch any portion of claimant's farm.

The canal is from twelve to fourteen feet deeper than Fish creek which it absorbed, or Wood creek at the point where that stream formerly emptied into Fish creek.

The State urges that it did not appropriate any of claimant's property or rights.

But it is clearly established that even though no part of claimant's farm was actually touched by the Barge canal construction, the lowering of Fish creek, into which Wood creek emptied, caused the waters to flow much more rapidly than ever before with the result that claimant's lands were washed away and she sustained serious damages. It was an appropriation of claimant's property even though no notice or map were served on her showing that portions of her property would be taken, but the filing of a map and serving of such notice was not the only method by which the State could appropriate property for use of the improved canal.

(*American Woolen Co.* v. *State of New York,* 195 App. Div. 698; *Fulton Light, Heat & Power Co.* v. *State,* 200 N. Y. 400.)

The State in its Barge canal construction at this point made no attempt to make Wood creek a navigable stream. The waters of that creek by this work were caused to flow more rapidly than before and were used to operate a new channel, that is, the new Barge canal through the canalized Fish creek.

Under these circumstances the State cannot claim immunity for the damages to claimant's property that have been established by the evidence. (*Fulton Light, Heat & Power Co.* v. *State,* 200 N. Y. 400; *Commissioners of Canal Fund* v. *Kempshall,* 26 Wend. 404.)

This last case, while decided in 1841, is interesting and important to the decision of the case at bar. In constructing the aqueduct in the city of Rochester when the Erie canal was originally built the water was diverted from Kempshall's gristmill and he claimed damages. The Canal Commissioners claimed that Kempshall having erected a dam and diverted the waters of Genesee river to his gristmill without permission, could not recover damages. The court said, among other things: "I cannot assent to the position that the conceded common law authority of the State over such rivers for the purposes of navigation, comprehends the right to divert the waters to other purposes of artificial navigation wholly distinct from that of the river itself."

There, as here, the changes were not made for the purpose of improving navigation on the stream affected, but the waters of the river were diverted to an artificial channel, to wit, the Erie canal.

Here no attempt was made to improve the navigation on Wood creek or to make it navigable. Its waters were diverted to another and an artificial channel to improve navigation there but not on Wood creek.

This may not be done under the Barge Canal Act (Laws of 1903, chap. 147, as amd.) without compensation to those whose rights as riparian owners have been invaded.

The State urges that there was no proof of its negligence. Under the evidence it could be found that there was negligence on the part of the State in failing to erect a weir or other suitable structure to control the flow of the waters of Wood creek. What it did was to so lower the bed of Fish creek, into which Wood creek had always emptied, that the waters of Wood creek flowed so much more rapidly than before that claimant sustained damages by the washing away of her farm, and the State negligently omitted to erect any suitable appliances by which the flow of the waters of Wood creek could be effectively controlled.

The acts of the State not being in an effort to improve the

navigability of Wood creek, but to improve the navigation in an entirely different and artificial channel, it should not be permitted to escape responsibility for the resultant injury to the property of a riparian owner.

The judgment should be reversed on the law and the facts and. a new trial granted, with costs to claimant, appellant, to abide the event.

The third, fourth, fifth, sixth and seventh findings of fact are disapproved and reversed, and conclusions of law one to five inclusive are disapproved.

HUBBS, P. J., DAVIS and CROUCH, JJ., concur; SEARS, J., concurs in result upon the ground of the negligence of the State.

Judgment reversed on the law and facts and new trial granted, with costs to appellant to abide event. Findings of fact disapproved and reversed as stated in the opinion.