FRANK W. SAUNDERS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 22326.

Court of Claims, August 17, 1933.

*Frank W. Saunders* [*Willard H.Ticknor* of counsel], in person and as attorney.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Deputy Assistant Attorney-General,* of counsel], for the State of New York.

RYAN, J. Claimant is an attorney-at-law and prosecutes his claim in person. On April 7, 1930, he was the owner in fee of approximately two acres of land in the town of Hamburg, Erie county. His westerly line was the center of Camp road, also known as County Highway No. 1067. On that day claimant was served with an appropriation map pursuant to chapter 678 of the Laws of 1928, the State taking 0.182 acres of his land for crossing elimination purposes. The piece taken was irregularly shaped, being 3.91 feet deep at the south end, 38.85 feet deep at the north end and its westerly line extending 365.34 feet from south to north and in a line parallel with the center of the Camp road and its easterly line extending 351.81 feet at an angle.

On February 21, 1931, claimant and his wife entered into an agreement in writing, duly acknowledged, by which they agreed to accept the sum of $8,207 in full payment for the property appropriated and " for legal damages caused by said appropriation."

Upon payment of the said sum and on August 31, 1931, claimant and his wife executed and delivered a receipt and release which read:

" * * * the undersigned hereby release the State of New York of and from any and all claims, damages and liability arising from or growing out of such appropriation, and in and to every matter and thing in any wise related to said lands so appropriated, hereby remising, releasing and forever quit-claiming unto the said State of New York, all right, title and interest of the undersigned in and to said lands so appropriated."

On —————————————— claimant filed this claim "for the unlawful and wrongful taking of land by the State of New York and permanently appropriating the same to its own use in the elimination of a grade crossing."

Claimant's contention is that the strip of land, for convenience called Parcel B, 17 feet wide and 365.34 feet long, lying immediately west of and adjoining the strip of land appropriated and paid for, has been wrongfully taken and occupied. It is not questioned that in the elimination of the grade crossing Parcel B was taken, covered with pavement and is now used as part of the improved highway. Immediately west of and adjoining Parcel B lies Parcel A, 16 feet wide and bounded on the west by the center line of Camp road. Claimant concedes that the State had an easement for highway purposes in Parcel A but contends that the Camp road was a highway by user only, and that Parcel B was never used in any way by the public.

If Camp road, so-called, was legally dedicated as a highway four rods wide, claimant's contention has no merit. The State produced from the town clerk's records of the town of Hamburg, Erie county, wherein the property lies, three documents. The first, recorded May 19, 1832, describes the alteration of the Camp road, is signed by surveyors " by the order of the Commissioners of Highways " and states " width 1 chain." The second describes a survey of the Camp road by order of the commissioners of the town of Hamburg made on June 15, 1852, and reads " road 4 rods in width." This was recorded April 8, 1858. The third was recorded September 27, 1859, and is signed by W. S. Pierce and John M. Riffel, commissioners of highways, and reads as follows: " Whereas upon the application of Ira Irons, Jr., a resident in said town of Hamburg and liable to be assessed to work in the highway hereinafter described, and on the certificate to twelve reputable freeholders of the town convened and sworn after due public notice as requested by the Statute certifying that such highway was necessary and proper. Notice in writing of at least 3 days was given in due form of law to B. W. Camp, and Wm. Dascom and Henry Saunders, the owners and occupants of the land thru which such highway is to run, that the undersigned W. S. Pierce and John M. Riffel, Commissioners of Highways of said town of Hamburg would meet

at the house of B. W. Camp in said town on the 22nd day of September, 1859, at one o'clock in the afternoon to decide on the application of aforesaid.

"Now, therefore, it is ordered, determined and certified after hearing all the reasons for and against the same that a public highway shall be and the same is hereby laid out pursuant to said application whereof a survey has been made and is as follows, to wit:

"Beginning on the bank of Lake Erie on the Hamburg and Versailles plank road and on the line of lands owned by Wm. Dascom and B. W. Camp, and running south 18° 30 E 30 chains 58 links to the center of a gulley making from what was once a spring or watering place on Dascom's land, where there is a stone some two feet long set endways and a cedar post set on the north side of it, thence south 24° E —18 chains 87 links to the center of the highway on Ira Irons north line and 2 rods from a small barn on the east side of the highway and the line of said survey is to be the center of the said highway which is to be 4 rods in width."

The State offered no proof of the consent by the then owners of the lands, nor of the filing of an agreement as to damages, or of a release or of an assessment of damages by commissioners duly appointed. (R. S. 1859 vol. II, chap. 16, art. 4, § 82.) We think the record was defective and it was not aided by extrinsic proof. The defect can not be helped out by intendment or presumption. (*Miller* v. *Brown*, 56 N. Y. 383, p. 386.) It is true that one of the railroad engineers did testify to finding an iron pin in the ground at a point 290 feet north of the claimant's northerly line. The pin was 33 feet west of the center line of the existing pavement when the survey for the elimination was made. Who placed the pin or how long it had been there does not appear. This evidence is quite unsatisfactory in the determination of the question of highway dedication and equally so on the question of user. Claimant, who had occupied the property for over forty years testified that in all that time the public never used any part of Parcel B for highway, shoulder, ditch or otherwise.

On the other hand, claimant well knew that the State claimed the highway to be 66 feet wide. The notice of appropriation and the map served so stated and referred to the easterly boundary of claimant's Parcel B as the easterly boundary of the highway. Moreover, prior to signing the release, claimant had some conversation with the State claim agent regarding his contention as to Parcel B. We think his release of the State "from any and all claims, damages and liability arising from or growing out of such appropriation, and in and to every matter and thing in any wise related to said lands so appropriated," is a bar to his recovery.

The Attorney-General raises the question that the court has no jurisdiction in this claim in any event for the reason that there was no appropriation in accordance with the procedure specified by chapter 678 of the Laws of 1928. It would seem that under section 15, subdivision 6, of said chapter, this court might also have jurisdiction of a claim of this nature, when properly supported by legal proof, if it were filed within six months after the final approval of the grade crossing elimination work by the Public Service Commission. Nothing in the record of the trial before us shows when the final approval of this particular elimination proceeding was given. There is some testimony to the effect that the construction work was done in 1930.

We are aware of the decision in *Weismantle* v. *State* (210 App. Div. 608), wherein it was held that the filing of a map and service of a notice were not the only methods by which the State could appropriate property for use in the construction of the Barge canal. But the question there decided hinged on the proposition that the State had no right to divert the waters of a navigable stream " in another and artificial channel " to improve navigation there without compensation to those whose rights as riparian owners have been invaded.

However, whether the claim should be considered as one for lands appropriated or as one for damages to lands retained, there is insufficient proof before us upon which to make a determination as to what width the highway, if not legally dedicated, was a highway by user and in any event claimant is barred from recovery by the release which he signed and for which he received good and valuable consideration.

The claim must be dismissed.

BARRETT, P. J., concurs.