BURROWS PAPER Co., INC., Claimant, *v.* THE STATE OF NEW
YORK, Defendant.
(Claim No. 15029)

Court of Claims, August 14, 1940.

*George T. Driscoll [Albert Averbach of counsel], for the claimant.*

*John J. Bennett, Jr., Attorney-General [Joseph I. Butler, Assistant Attorney-General, of counsel], for the defendant.*

BARRETT, P. J.   This proceeding was commenced by an order
to show cause dated February 13, 1940.   The relief sought herein
is the amendment of a claim against the State of New York, filed

in the office of the clerk of the Court of Claims on April 30, 1917, in the respects set forth in the proposed amended and supplemental claim attached to the moving papers.

Briefly stated, it appears that chapter 147 of the Laws of 1903 provided for the issuance and sale of bonds in a sum not to exceed $101,000,000, to be expended for the purpose of improving the Erie, Oswego and Champlain Canals, and the procurement of land required in connection therewith. The said law further provided that an appropriation of land might be made by entry or by filing a map, survey and certificate of appropriation and service of a notice of filing upon the owner.

Chapter 391 of the Laws of 1909 provided for the issuance and sale of bonds in a sum not to exceed $7,000,000, the proceeds derived therefrom to be used for the improvement of the Cayuga and Seneca Canals so as to render them a part of the Barge canal and for the procurement of lands required in connection therewith. Both statutes provided therein that they should be submitted to and approved by the People before they became effective.

Chapter 640 of the Laws of 1915 conferred jurisdiction upon the Court of Claims to hear and determine claims filed within one year after May 14, 1915, for compensation or damages for the appropriation or use of lands, structures, or other property in connection with the improvement of the Erie, Champlain and Oswego Canals pursuant to said chapter 147 of the Laws of 1903 and said chapter 391 of the Laws of 1909.

Chapter 420 of the Laws of 1916 extended the time of filing another year and provided that a claim might be filed in lieu of a notice of intention.

Chapter 606 of the Laws of 1918 further extended the time of filing another year. The original claim herein was apparently filed pursuant to said chapter 420 of the Laws of 1916.

A notice of intention and a claim were verified April 25, 1917, and were filed in the office of the clerk of the Court of Claims on April 30, 1917. The notice of intention and the claim are substantially similar.

The original claim alleged one cause of action, in substance that the claimant is a corporation doing business in the village of Phœnix, county of Oswego, N. Y., and is engaged in the manufacture of paper; that the State appropriated a parcel of land owned by it; that the State by the construction of the Barge canal and several dams along the Oswego river at Phœnix and Fulton injured and damaged the claimant's power house and dam, lessened the volume and fall of the water and thereby lessened the amount of power available to the claimant; that by reason thereof the claimant was

compelled to change its machinery, and that the State appropriated its riparian rights. The claim is for the sum of $18,000 for the appropriation of water rights and $2,000 for the appropriation of land, or a total of $20,000.

On April 21, 1917, by order of the Supreme Court, the name of the claimant was changed to the Senoso Paper Co., Inc., effective May 29, 1917. The claimant seeks herein to substitute the Senoso Paper Co., Inc., in lieu of the Burrows Paper Co., Inc. This amendment is allowed as it does not prejudice the State. In *Ivy Courts Realty Co.* v. *Barker* (71 Misc. 460) the court stated (p. 463): " The description was intended to identify the plaintiff actually in court and the amendment cured the error in the description but brought in no new party and was, therefore, correctly permitted."

The following are the only proceedings had herein since the claim was filed on April 30, 1917; substitution of attorneys was effected on February 27, 1925, and again on February 7, 1940. On December 28, 1932, an order was made, based upon a stipulation of the parties, that all interest should terminate January 1, 1933, and that the trial of the claim be delayed until such time as an action in the Supreme Court involving the question of the title to the property involved shall have been finally decided.

The proposed supplemental and amended claim alleges two causes of action instead of one cause of action contained in the original claim in substance as follows: (1) Damages sustained by reason of the loss of water power and riparian rights; (2) damages by reason of the appropriation of claimant's land and the continuous use of a portion of its property. The basis for the two causes of action is apparently the same as in the original claim, that is, the improvement of the Barge canal pursuant to chapter 147 of the Laws of 1903 and chapter 391 of the Laws of 1909. The allegations contained in the original claim are greatly expanded in the proposed amended claim and the damages are increased from $20,000 to $360,000.

Claimant offers as its excuse to justify its failure to try this claim and for its delay in making this motion, that claimant during the years 1917 to 1938 was engaged in litigation with various other riparian owners on the Oswego river with reference to certain water rights and that, with the consent of the State, the trial of the said claim has been adjourned and postponed until the present time.

The case of *American Woolen Co.* v. *State* (110 Misc. 413; revd., 195 App. Div. 698) arose out of the improvement of the Barge canal pursuant to the same laws as are involved herein. Portions of the proposed amended and supplemental claim herein are identical with the claim filed in the cited case.

The facts in the cited case are as follows: On July 21, 1909, and for many years prior thereto, the claimant owned a parcel of land on the Oswego river at Fulton, N. Y., and also owned the riparian rights incidental thereto. It operated a mill with the water power produced by the waters of the river. In order to improve the Oswego Canal, the channel of the Oswego river was deepened and the level of the two dams was raised. The water power of the claimant was thereby interfered with. By reason of these changes, claimant claimed that it was compelled to build a new hydro-electric plant. It sought to recover the cost of the plant and damages for the temporary loss of water power. The damages finally accrued on September 7, 1913. Claimant filed a notice of intention on March 27, 1914, and an amended notice of intention on April 2, 1914. It filed a claim on January 23, 1915, and refiled this claim pursuant to chapter 606 of the Laws of 1918.

After a trial this court dismissed the claim upon the ground that the cause of action for damages for interference with the claimant's water power was based upon a trespass and not upon an appropriation of claimant's property; that section 264 of the Code of Civil Procedure required that a notice of intention based upon a trespass be filed within six months from the time the damages accrued and that this limitation barred a recovery. The claim, if based upon an appropriation, could be filed within the one-year period fixed in the above-mentioned enabling acts.

Upon the appeal the State conceded, for the purpose of the appeal, that it had taken claimant's property. At pages 703 and 704 the court stated as follows: " As the case stands, with the concession of the State's counsel in the record, we believe there is a claim made for an appropriation of lands and water rights. We follow the authority of *Oswego & Syracuse R. R. Co.* v. *State* (226 N. Y. 351) that to destroy property is to appropriate it, and we hold that the destruction of the water rights of the claimant at the level long existing, if they were so destroyed, is an appropriation of the property, and that if property is actually taken by the State for a public use, and the owner is excluded from its possession and loses the rights and benefits to which he was theretofore entitled, then there is an appropriation of the property for which the State is bound to make compensation if a claim is seasonably filed." (Citations omitted.)

At page 704 the court stated: " If it should be established that the interference with the rights of the claimant are only temporary, casual or intermittent and there is no permanent use or appropriation of property by the State, and no established existing right has been destroyed, then there has been a mere trespass, and as we

held in *Frisbie & Stansfield Knitting Co., Inc.*, v. *State of New York* (189 App. Div. 351), the claim is barred by the statute."

The case was returned to this court, to determine whether claimant had a cause of action based upon an appropriation, and this court rendered a judgment in the same case based upon the opinion of the Appellate Division. (See 125 Misc. 186.)

The original claim herein alleges the particulars of claimant's damages as follows:

" 1st. To the damages sustained by reason of the obstructions placed in the Oswego River and which prohibits the claimants from operating their mill with the same force and efficiency as prior to the building of the barge canal and its improvements and for the loss of power and the fall of water which has been lessened by reason of the obstructions and appropriating of water, and the water rights belonging to the claimants, by the State of New York to their own use and the loss of business, in the sum of eighteen thousand dollars ($18,000.00).

" 2nd. Damage to the land the appropriation thereof by the State and all damages sustained by reason of such appropriation and the use of the State, and the raising of the water over the property of claimant's and the damages sustained to the real estate by such appropriation and such flooding in the sum of two ($2,000.00) thousand dollars (total amount being Twenty thousand dollars ($20,000.00).

Paragraph 24 of the proposed claim alleges claimant's damages as follows:

" (a) Loss of power resulting from actual interference of the State with the flow of the Oswego River, including the expense of providing temporary or auxiliary power by means of steam and /or electricity, $100,000.00.

" (b) Permanent loss of claimant's property by reason of appropriation by the State of New York, and the diminution, interference with and interruption in the normal or natural flow of Oswego River available for claimant's power resulting therefrom $150,000.00.

" (c) Damages sustained by reason of the obstructions placed in the Oswego River prohibiting and restricting the claimant's use of the waters of Oswego River with the same force and efficiency prior to the building of the Barge Canal and its improvements, and for the loss of power and fall of water which has been permanently lessened by reason of the obstructions and appropriations of water and water rights belonging to the claimant and resulting in frequent closing of the claimant's mill and power house during the periods when the State diverted or restricted the flow of water available to the claimant either completely or partially in such a manner that workmen in the claimant's mill and power house were

unable to do their usual work, to the loss of the claimant in the sum of $100,000.00.

" Total damages under first cause of action, $350,000.00."

Paragraph 27 of the proposed claim further alleges as follows: " That the claimant herein has been damaged by reason of said appropriation of claimant's property, and the continuous use of a portion of claimant's property for access purposes in the sum of Ten Thousand Dollars ($10,000.00)."

The increase in the amount of damages sought is from the sum of $20,000 as alleged in the original claim to the sum of $360,000 as alleged in the proposed claim and are alleged to have accrued since the filing of the original claim on April 30, 1917.

A comparison of the damages alleged in the proposed claim with the claims filed in *American Woolen Co.* v. *State* (125 Misc. 186) will reveal that part of the claim herein arises out of an appropriation and part out of trespass. Paragraph 22 of the proposed claim alleges that the notice of intention herein was filed within six months after the claim accrued and that the original claim was filed within two years after the claim accrued. The notice of intention was filed on April 30, 1917. Therefore, it may be assumed for the purpose of this motion that the claim herein accrued before April 30, 1917, the date of filing and not earlier than October 30, 1916, or six months prior to the date of filing. It was distinctly held in *American Woolen Co., Inc.,* v. *State* (110 Misc. 413; revd., 195 App. Div. 698) and same case (125 Misc. 186) that the claim, in so far as it related to damages arising out of an appropriation of the claimant's property and damages consequential thereto was required to be filed within the one-year period fixed in the enabling acts hereinbefore referred to and that section 264 of the Code of Civil Procedure required that a notice of intention be filed within six months after the cause of action accrued for damages arising out of a trespass by the State.

These filing provisions may not be circumvented by an amendment of the original claim, since compliance therewith is indispensable to the jurisdiction of the Court of Claims. (*Buckles* v. *State*, 221 N. Y. 418; *Butterfield* v. *State*, Id. 701.)

In the case of *Olney Canning Co.* v. *State* (230 N. Y. 351, 355) the court stated as follows: " The claim of this landowner is not for a direct appropriation, but for consequential injuries, discontinuous and irregular, resulting from the defendant's negligence (*Sipple* v. *State of New York,* 99 N. Y. 284; *Reed* v. *State of New York,* 108 id. 407, 414; *Bellinger* v. *N. Y. C. R. R. Co.,* 23 id. 42). A new claim arises as successive injuries are suffered (*Ohio & M. R. Co.* v. *Thillman,* 143 Ill. 127; *Del. & Raritan Canal Co.* v. *Lee,* 22 N. J. L. 243, 251)."

The Court of Claims Act requires each such claim to be filed within a definite time. This requirement must be complied with. An amendment of the original claim will not do. (*Buckles* v. *State, supra; Butterfield* v. *State, supra.*)

A claim or notice of intention for damages arising out of at respass by the State was required to be filed within six months after the damages accrued, pursuant to section 264 of the Code of Civil Procedure and is now required to be filed within ninety days after the cause of action accrued. (Ct. Claims Act, § 10, subd. 3.) In a claim against the State based on trespass a recovery may be had for damages accruing within a period of ninety days preceding the filing of the claim, pursuant to subdivision 3 of section 10 of the Court of Claims Act, and within a period of six months pursuant to section 264 of the Code of Civil Procedure. (*Folts* v. *State*, 118 N. Y. 406; *Noakes* v. *State*, 104 Misc. 276; *Collins* v. *State*, 103 id. 217.)

Therefore, this motion must be denied as a matter of law in so far as it seeks to amend the claim so as to permit a recovery of damages, based on trespass, which accrued subsequent to the filing of the claim herein.

The motion in so far as it is directed to the addition of damages arising out of an appropriation and the damages consequential thereto, must be treated differently than the motion to amend the claim as to damages arising out of trespass. The causes of action based on an appropriation by the State were complete and accrued when the claimant's property was taken, and compensation must be made as of the time of the taking of claimant's property. (*Matter of Board of Water Supply*, 277 N. Y. 452, 456.) Consequential damages occurring as a result of an appropriation are considered a part thereof and must be included in the claim based on the appropriation. The continuing nature of the consequential damages resulting from the taking of claimant's property does not give rise to new causes of action, unlike the damages accruing from a continuous trespass. (*Mark* v. *State*, 97 N. Y. 572; *Long Island R. R. Co.* v. *State*, 157 App. Div. 12; affd., 213 N. Y. 661.)

This court has power to amend a claim to permit the addition of damages consequential to an appropriation and occurring subsequent to the filing of the claim in a situation wherein such damages were unknown, could not be anticipated and were not discoverable by the exercise of reasonable diligence, at the time of filing the claim, provided that the motion to amend the claim was seasonably made and was made upon a showing of an adequate excuse for failure to include the said damages in the original claim. Under such circumstances the court should exercise its discretion in favor of claimant for the reason that a new claim could not be filed for

damages consequential to an appropriation which occurred subsequent to the filing of a claim.

Here the court is asked to permit an amendment to a claim some twenty-three years after it was filed. The proposed amendment would generally and radically change the contents of the claim heretofore filed and the relief sought therein. It would increase the damages from the sum of $20,000, the amount asked in the original notice of intention and claim, to the sum of $360,000, the amount requested in the proposed claim.

In the ordinary course of events, the claim herein should have been disposed of long ago. The burden of explaining the failure to do so rests herein upon the claimant. The explanation offered is not sufficient. It does not set forth the nature and extent of water rights which had been the subject of litigation between the claimant and other riparian owners, and their relation to the subject-matter of the claim herein. It does not state why the said litigation to determine the ownership of the water rights was apparently carried on for a period in excess of twenty-two years. It does not adequately explain why the subject-matter of the proposed claim was not and could not have been incorporated in the original claim or why the motion herein could not have been and was not made within a reasonable time after the filing of the claim. The motion papers do not show that the damages which have occurred since the filing of the claim could not have been ascertained by the exercise of reasonable diligence before the filing of the claim, and they further do not show that the said damages could not have been ascertained within a reasonable time after the filing of the claim by the exercise of ordinary prudence.

In *Cognetta* v. *State* (111 Misc. 329) the claimant sought to recover damages caused by the overflow of the Mohawk river between March 30 and April 10, 1916. One of the items of damage alleged in the claim was for 2,100 pounds of tobacco in the sum of $357. On the trial claimant proved that this quantity of tobacco was of much greater value and asked leave by amendment to materially increase the amount of the claim. The court denied the motion in the exercise of its discretion. The court held that in view of the requirement of section 264 of the Code of Civil Procedure that a notice of intention to file a claim be filed within six months after the claim accrued in order that the Attorney-General might have an adequate opportunity to investigate the claim, and in view of the fact that the notice of intention was filed on January 19, 1917, and that the trial took place on March 3, 1920, the motion should be denied.

In *Nathan* v. *Woolverton* (149 App. Div. 791) the court held that a delay of six years was excessive and reversed an order granting an amendment to the complaint.

In *Sheldon* v. *Adams* (41 Barb. 54) the court reversed an order permitting an amendment of the complaint eight years after issue was joined.

In *Gowdy* v. *Poullain* (2 Hun, 218) the cause of action arose in 1865 and issue was joined in 1871. In 1874 a motion was made to amend the complaint. The motion was denied and the decision denying the motion was affirmed upon the ground of laches.

In *Brusie* v. *Peck Bros. & Co.* (6 N. Y. St. Repr. 709) issue was joined in 1876. A motion to amend the complaint in 1886 was denied. The decision denying the said motion was affirmed upon the ground of laches. It was held that a delay of ten years was excessive.

In the claim of West Shore R. R. Co. and the New York Central R. R. Co. against the State of New York, claim No. 25370, claimants filed notices of intention on April 11, 1938, and claims on December 23 and 24, 1938, claiming that by reason of the dredging operations conducted by the State since June 30, 1917, a bridge over the Clyde river owned and leased by the claimants was damaged. The injury to the bridge was discovered in the spring of 1937. The claimants repaired it, the repairs being completed on November 15, 1937. The basis of the claim was an appropriation by the State. The claimants moved pursuant to subdivision 5 of section 15 of the former Court of Claims Act (now section 10, subdivision 5) to add a further cause of action for the same damages based upon negligence.

The Court of Claims denied the motion. On May 8, 1940, the said order was reversed by the Appellate Division, without opinion (259 App. Div. ——.)

The claimants' theory was that their cause of action did not accrue until the damages were caused in 1937 and until further damage was prevented by the repairs made at that time. The case at bar is distinguishable from the cited case for the reason that here the cause of action based upon the appropriation was complete and accrued in 1916 and the causes of action for damages arising out of trespass accrued every ninety days and constituted new causes of action for which new claims were required to be filed. In the cited case the claimants had no cause of action according to their theory until 1937. In the case at bar no such theory has been advanced by the claimant and could not reasonably be offered.

The motion herein was not made pursuant to subdivision 5 of section 10 of the Court of Claims Act. If it were so made, a denial of the motion would be required for the following reasons:

1. The cause of action based upon the appropriation was complete and accrued in 1916 or more than two years before the making of the motion.

2. It is apparent from the proposed claim that at least a portion of the damage arising out of the alleged trespass accrued more than two years prior to the making of the motion.

3. No adequate excuse has been offered herein why the causes of action based on appropriation and trespass were not duly filed.

The claimant cites *Yaw* v. *State* (127 N. Y. 190) for the proposition that the time within which to file a claim for an appropriation does not start running until a map is filed and notice thereof is served on the owner. This construction of the case is not correct. The Court of Appeals held that the time to file a claim for damages sustained by the taking of property does not run against claimant when he is not advised either by a map or monuments of the extent of the property taken. In other words, the Court of Appeals recognizes that it would be unfair to bar a claimant before he knows or has the means to determine the extent of his damages.

In *American Woolen Co.* v. *State* (195 App. Div. 698) the court in construing the very statutes herein involved held that the claimant could bring an action although no map was filed since the State may appropriate real property by entering and taking possession thereof.

No map was required to be filed or could be filed describing the extent of the water rights appropriated and the consequential damages sustained by the claimant. The claimant apparently had no difficulty in describing the land taken in his original claim. Furthermore, it must be assumed that it could have and must have ascertained what land was taken long before the making of this motion. In the absence of any evidence that the claimant was unable to ascertain the extent of his damages immediately or within a reasonable time, the principle of *Yaw* v. *State* (*supra*) is not applicable herein.

In any event, claimant waived the filing of a map by the filing of its claim. In *Long Island R. R. Co.* v. *State* (157 App. Div. 12; affd., 213 N. Y. 661) the court held that the claimant therein by filing a claim waived the requirement of statute providing that the State must give to an owner ninety days' notice of an appropriation of property.

The motion, in so far as it seeks to amend the title of the action from the Burrows Paper Co., Inc., to the Senoso Paper Co., Inc., is granted; the motion, in so far as it seeks to amend the claim to allege damages based upon trespass and occurring after the filing of the claim herein, is denied as a matter of law. The entire motion, except the portion thereof relating to the change in title, is denied in the exercise of the court's discretion. Submit order accordingly.