Alfonso M. Rizzo, Claimant, *v.* State of New York, Defendant. (Claim No. 30568.)

Charles Linart et al., Claimants, *v.* State of New York, Defendant. (Claim No. 30569.)

Leon Irland et al., Claimants, *v.* State of New York, Defendant. (Claim No. 30570.)

Alfonso M. Rizzo, Claimant, *v.* State of New York, Defendant. (Claim No. 30571.)

Court of Claims, August 21, 1951.

*S. Robert Silverman* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Douglas S. Manley* of counsel), for defendant.

LAMBIASE, J. This is a motion by the State of New York to dismiss the above claims on the ground that they were not filed within two years after the accrual thereof, as required by subdivision 1 of section 10 of the Court of Claims Act of the State of New York.

Each claim alleges, among other things, that it is for the " wrongful and permanent appropriation " of land by the State of New York for the improvement of State Street, on the Schenectady-Albany highway (par. 2); that claimant or claimants, as the case may be, was or were at the time of the appropriation, the sole owner or owners in fee of the premises appropriated; that this " claim is filed within two years after the claim accrued, as required by law "; and, that damages have been sustained as and for a permanent appropriation of real property.

The State's position is that it did not appropriate any lands belonging to the claimants, and that if it did indeed appropriate any, the claims have not been timely filed. It urges as an additional ground for the dismissal of the claims, that each of them fails to contain any allegation of the time when it arose, as required by section 11 of the Court of Claims Act and by rule 9 of the Rules of the Court of Claims, and that said defect may not be corrected by amendment, since timely filing in compliance with section 10 of the Court of Claims Act is jurisdictional.

For the purposes of this motion to dismiss, the allegations of the claim must be deemed established, and " every intendment and fair inference is in favor of the pleading." (*Madole* v. *Gavin,* 215 App. Div. 299, 300; *McClare* v. *Massachusetts Bonding & Ins. Co.,* 266 N. Y. 371, 373; *Sztejn* v. *Schroder Banking Corp.,* 177 Misc. 719.) There is no admission, however, of the truth of any conclusions either of law or of fact. (*Greeff* v. *Equitable Life Assur. Soc.,* 160 N. Y. 19, 29.)

Construing the claims, in the light of what we have hereinbefore stated, we conclude that each of them alleges a permanent appropriation of land, and that the word " wrongful," alleged in paragraph 2 of each claim is used therein in the sense that the appropriation was not effected in accordance with section 30 of the Highway Law of the State of New York, the procedural provisions of which concededly were not complied with by the State of New York in the alleged appropriations. While said section permits greater certainty in fixing the date of the appropriation, and in making proof for compensation, and is more orderly in its manner of dealing with citizens whose property is seized by virtue of the sovereign powers of the

State, we are unable to agree with claimants that said section provides the only method available to the State of New York for the purpose of acquiring lands for the construction, reconstruction and improvement of State highways, for it has been held that there may be an appropriation of real property by the State without the formality of the making and filing of an appropriation map. (*American Woolen Co.* v. *State of New York,* 195 App. Div. 698; *Weismantle* v. *State of New York,* 210 App. Div. 608; *Rochford* v. *State of New York,* 245 App. Div. 794; *Burrows Paper Co.* v. *State of New York,* 174 Misc. 850.) The question of whether there has been an actual appropriation of land is entirely apart from the procedure ordinarily employed in taking it (*American Woolen Co.* v. *State of New York, supra*); and in the last-cited case the court held that the claimant could bring an action, although no map had been filed. Furthermore, we are of the opinion that claimants waived the filing of a map by the filing of the claims herein. (*Long Is. R. R. Co.* v. *State of New York,* 157 App. Div. 12, affd. 213 N. Y. 661; *Burrows Paper Co.* v. *State of New York, supra.*)

It is a further contention of the State of New York that the alleged permanent appropriation of lands of the claimants accrued prior to September 27, 1948, and that the claims, having been filed on December 4, 1950, have not been timely filed. On the other hand, claimant Alfonso M. Rizzo says in his affidavit, and the other claimants by reason of having incorporated the same by reference in their own affidavits say, the following: "In the latter part of 1946 the State of New York, through its contractors, commenced operations for the reconstruction and widening of the said Albany-Schenectady Road. These operations continued along the highway in the front portion of my property and of the properties of adjacent owners until some time in the late fall of 1948 or early winter of 1948–1949. * * * During the entire period of construction and up to the present time, I have never been served with any appropriation map or notice of appropriation as required by law. I was not informed of nor did I know the exact intentions of the State with respect to the extent, nature and boundaries of the State's entry upon my property and was, therefore, unable accurately to ascertain my damages. I was, of course, aware of the State's construction work on and near my property and generally along the road, but this knowledge could not and did not adequately inform me as to the foregoing intentions of the State. Moreover, I did not and could not know whether or when the State was going to resume further operations in the spring of

1949 and make further incursions on my property.'' And as has been hereinbefore noted, each claim states that it is filed within two years after the claim accrued, as required by law. Thus the papers before us raise a question of fact as to the time when the cause of action for appropriation, if any, accrued in each instance, the ascertainment of which is of vital importance in the determination of this claim, for the Court of Appeals has recognized in passing on such a question that it would be unfair to bar a claimant before he knows or has the means to determine the extent of his damages. (*Yaw* v. *State of New York,* 127 N. Y. 190.)

There remains the disposition of the State's contention that the claims must be dismissed because they fail to contain any allegation of the time when they arose as required by section 11 of the Court of Claims Act and by rule 9 of the Rules of the Court of Claims. We are unable to sustain the State's position. Generally speaking, it is unnecessary in pleading to allege with great particularity and certainty matters relating to time. But where particulars of time are material parts of a cause of action, they may be directed to be made more definite and certain on motion (*Smith* v. *Irvin,* 45 Misc. 262, affd. 102 App. Div. 614; 3 Wait on New York Practice [4th ed.], p. 51). Assuming *arguendo* and for that purpose only that the claims might be subject to a motion seeking such relief, we have concluded nevertheless that the allegation '' that the claim is filed within two years after the claim accrued, as required by law '' in each claim contained is in each instance sufficient to survive this motion to dismiss.

The motion of the State of New York to dismiss the above-entitled claims and each of them is, therefore, as to all and to each of them denied in all respects.

Submit order accordingly.