Bernard Ryan, P. J.
Claimants were the owners of a tract of land consisting of about 66 acres located in the Town of Victor, Ontario County. Formerly the tract consisted of 235 *87 acres but in 1948 it was bisected by an appropriation by the State of New York for Thruway purposes and there was constructed upon the land taken out of the claimants’ ownership the first segment of the Thruway. That appropriation was the subject of Claim No. 29051, which was tried and decided in this court. A judgment rendered thereupon has been paid. These claimants now sue the State ‘ ‘ for appropriation and damage to land owned by the claimants due to defective, negligent and improper drainage and due to defective, negligent and improper construction of the drainage facilities from the New York State Thruway at a point approximately located at Station #2698 on said Thruway, as shown on a map of the New York State Department of Public Works. In addition, the claim is based upon defective, improper and negligent construction of embankment constructed and built before and after the construction of a rest or picnic area at approximately Mile Post #353 on the eastbound lane approximately 1% miles west of Route #96 (Victor) interchange. By reason of the aforesaid defective, improper and negligent construction, water has run from the highway and adjoining areas onto the property of the claimants causing said land to be eroded, washed out and damaged.”
The particulars of claimants’ damage are for the erosion of about one and one-fifth acres of land and the resulting damage to the remainder of approximately 65 acres by reason of its being rendered unusable for any purpose. The proof proceeds on the theory of damages for the land eroded and consequential damages to the remainder by reason of loss of access. It is established that according to Map. No. 104, Parcel No. 104, one of the parcels appropriated from the claimants, it was contemplated that a culvert would be constructed under the northerly two lanes of the Thruway at Station 2698 of the survey base line. Such a culvert has been constructed, and leading from it in a generally northeasterly direction there was also constructed a concrete gutter for a distance from the outlet of the culvert to about midway between the culvert head wall and the north taking line of the Thruway. The complaint is that the water carried from that culvert and gutter has found its way across the remaining area of the Thruway right of way, thence across claimants’ lands where it has eroded the soil in an old farm lane which led from Fisher Road on the west side of which claimants’ lands abutted. This lane has been eroded to such a width and depth that claimants cannot cross it to gain access to about 47 acres in the rear. It appears that after the State of New York had cut their tract in two, claimants proceeded to *88 subdivide the northerly section and to sell off several small parcels thereof including a part on which stood the farmhouse and across which area the old farm lane formerly led in a westerly direction. They also sold a plot immediately north of the farmhouse plot and other smaller tracts. The claimant, Donald Van Voorhis, has reserved to himself the most northerly plot on the west side of Fisher Road, upon which he has built a campsite. This plot is referred to as section C on Exhibit 5 in evidence.
Confronted with the proposition that claimants have divested themselves of access over the farmhouse plot to the site of the old farm lane in the rear of it, they insist that a proper route from Fisher Road would be across section C, thence in back of the farmhouse plot and up to the neighborhood of the Thruway, and thence to the rear acreage. And they present proof on the proposition that the rear acreage would thus have been accessible and so available for campsite developments. But, they say, it has now been cut off and they ask damages of the difference between the before and after values. Their expert witness says that amount is $10,550. There is also testimony that it would cost approximately $10,000 to fill the ero'ded area, build an approach road, and install an adequate culvert or bridge in such road. Admittedly all that was in existence in the past was a farm lane over natural terrain.
Claimants are faced with several dilemmas. In the first place they have sued as for an appropriation and consequential damages. It is true that the State of New York can appropriate lands without serving formal notice. (Weismantle v. State of New York, 210 App. Div. 608 [1924]; Reese v. State of New York, 190 Misc. 316 [1947].) However, appropriation contemplates taking as of a certain date. The testimony here is that the erosion was observed by the claimant Donald Van Voorhis in 1952 and that in that year he lost the use of the driveway at the location indicated on the map, Exhibit 5. He further testified that the last use of the land to the west as crop land was in 1954 and that to reach the westerly portion in that year with farm machinery it was necessary to go up onto the shoulder of the Thruway to get around the eroded gully; that such access was then accomplished by depositing logs and rails in the space. The barn on the farm burned in 1952 and the house and the barn site were sold by the claimants to one Winkoop in 1953. This claim was filed with the Clerk of the Court of Claims December 8, 1956 and served upon the Attorney-General at the same time. Obviously if the claim is to be regarded as one for an appropriation of lands de facto it has not been served within *89 two years after the event occurred. Viewed in that light alone the claim must be dismissed.
With respect to the allegation of negligent construction of the drainage facilities there is a failure of proof and anyway any damage which could be based on negligence having been ascertainable in 1952 would, like the claim for an appropriation, be barred by the Statute of Limitations. Actually claimants’ suit is one for a continuing trespass based on the gathering of surface waters and channeling them to and upon their lands. (Barkley v. Wilcox, 86 N. Y. 140 [1881]; Kerhonkson Lodge v. State of New York, 4 A D 2d 575 [1957].) The limitation for filing a claim so based is 90 days. (Court of Claims Act, § 10, subd. 3.) There is no proof in the record before us as to what damages accrued within 90 days prior to December 8, 1956, the date this claim was filed. Moreover, it appears that the Thruway Authority took over this section from the State of New York on June 23, 1954 pursuant to statute. True, this court has jurisdiction of certain claims against the Thruway Authority. But here the State of New York, not the Authority, is the named defendant.
Upon all of the foregoing considerations this claim must be dismissed. Judgment is directed accordingly.